**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LOCAL ACCESS, LLC,
a Florida Limited Liability Company

and

BLITZ TELECOM CONSULTING, LLC,
a Florida Limited Liability Company,

Plaintiffs,                                           Case No. 6:14- CV-399-ORL-22-TBS

v.

PEERLESS NETWORK, INC.,
an Illinois Corporation,

  Defendant.

_____/

**PLAINTIFF'S MOTION TO COMPEL**
**CORPORATE REPRESENTATIVE DEPOSITION OF DEFENDANT**
**FOLLOWING DISCOVERY DEADLINE**

COME NOW the Plaintiffs, Local Access, LLC ("Local Access") and Blitz Telecom

Consulting, LLC ("Blitz"), by and through their undersigned counsel, and pursuant to Local Rule

3.01 and Federal Rules of Civil Procedure 37(a)(3)(B), 37(d) and 37(f) hereby moves this Court for

an order compelling the deposition of the Defendant's Corporate Representative after the discovery

deadline, and as grounds states:

**I.   FACTUAL BACKGROUND**

On or about April 23, 2015, the undersigned sent a letter to counsel for Defendant,

PEERLESS NETWORK, INC. ("Peerless"), requesting the deposition of one or more corporate

representatives.  The letter set forth 24 categories or topics identified in accordance with Federal

1

Rule of Civil Prpcedure 30(b)(6).  A copy of the April 23, 2015 letter is attached hereto as **Exhibit 1**.

On June 5, 2015, having received no response to the April 23, the undersigned's paralegal attempted

to coordinate the Peerless corporate representative(s) deposition on the same 24 categories or topics.

A copy of the June 5, 2015 email is attached hereto as **Exhibit 2.**

Again, Peerless failed to respond.  This attempt to schedule a 30(b)(6) representative of

Peerless was repeated on June 16, 2015.  A copy of the June 16, 2015 email is attached hereto as

**Exhibit 3.**  It was repeated again on June 18, 2015. A copy of the June 18, 2015 email is attached

hereto as **Exhibit 4.**  It was repeated yet again on June 24, 2015.  A copy of the June 24, 2015 email

is attached hereto as **Exhibit 5.**

In July 2015, when Peerless wanted to schedule depositions and Blitz and Local Access

continued to try to schedule depositions, Peerless's counsel finally conferred with respect to the

scheduling of a 30(b)(6) representative.  However, Peerless still failed to provide a definitive date on

which it would provide a representative for deposition.  In August 2015, Blitz and Local Access

again attempted to schedule a date for the corporate representative deposition.  This time, Peerless

expressly refused to provide a date until it received a formal notice of taking the deposition.

However, Blitz and Local Access recognized that under Rule 30, they could not prepare an official

notice without the date.

On August 12, 2015, counsel for Blitz and Local Access sent an email to counsel for

Peerless identifying 49 categories or topics for the corporate representative deposition.  A copy of

the August 12, 2015 email is attached hereto as **Exhibit 6**.  These categories included the original 24

categories or topics, and added 25 more.  Many of the 25 added topics were merely derivatives of the

original 24 broader categories, designed to narrow and focus the topics of testimony.  Peerless still

refused to provide a coordinated date for the corporate representative deposition.  Additionally,

between the time the categories or topics were provided and the service of official notice, Peerless never objected to or commented on the categories or topics.  Accordingly, in accordance with the Middle District of Florida's Discovery Handbook, as the deposition could not be coordinated with opposing counsel, on August 17, 2015, Blitz and Local Access served a notice of taking deposition of the corporate representative of Peerless, setting August 27 unilaterally.  That date was selected to coincide with the dates of depositions of Peerless employees that were set during the same week in Chicago, Illinois; Peerless's principal place of business.  A copy of the notice of taking deposition is attached hereto as **Exhibit 7**.  Thereafter, on August 20, 2015 (at 10:21 pm), Peerless served its Objections and Responses to Plaintiffs' Notice of Taking Deposition of Peerless's Corporate Representative.[1]  A copy of these Objections and Responses is attached hereto as **Exhibit 8**.

   In its Objections and Responses, Peerless concedes that it had the list of 24 topics from Blitz and Local Access as early as April 23, 2015, and it had the list of 49 topics on August 12, 2015. Nonetheless, Peerless objected to producing a corporate representative or representative as the official notice was not served until 10 days before the scheduled deposition, as opposed to the 14 days required by Local Rule 3.02.  Additionally, Peerless objected to each topic individually.

## II.   ARGUMENT

   In an effort to be professional and to comply with the Middle District of Florida's Discovery Handbook, Blitz and Local Access attempted to coordinate the deposition of Peerless's corporate representative(s) with its counsel.  Further, counsel has conferred pursuant to Local Rule 3.01(g) with regard to the issues raised in the notice of taking deposition, and have agreed that the corporate representative deposition will proceed on August 27, 2015, but the parties were unable to completely agree to the scope of the topics for which a witness would be produced.  This motion is to compel

---

[1]      Peerless served the objections after taking three complete days of depositions of Blitz and Local Access's principals, and less than 12 hours before the deposition of the 30(b)(6) representative for Blitz and Local Access was to commence.

the deposition of a corporate representative or representatives on the topics where no agreement could be reached between the parties.  Further, this motion requests that the Court compel this deposition to take place after the discovery deadline, given the fact that the topics were provided to counsel for Peerless more than 14 days before the date of the deposition, and it was Peerless's delay in providing a date for the deposition that led to the formal notice being served less than 14 days before the date of the deposition.[2]

"The proper remedy for uncooperative behavior during discovery is to move for judicial sanctions under Federal Rules of Civil Procedure, Rule 37." *Vogt v. Emerson Elec. Co.*, 805 F. Supp. 506, 513 (M.D. Tenn. 1992).  This motion has been filed before the discovery deadline, and is timely following the objections interposed by Peerless.  Specifically, on Friday, August 21, 2015, counsel for the parties conferred in person regarding this matter in a good faith attempt to resolve the issues. Because Peerless's counsel was in a hurry to catch a plane, the discussions were cut short, and counsel agreed to confer again on Monday, August 24.  A lengthy telephone conference of nearly two hours took place on Monday August 24, during which counsel for the respective parties discussed each of the 52 topics on the notice, as well as all of Peerless's objections.  During this conference, Blitz and Local Access withdrew several topics, and Peerless agreed to produce a witness as to others.  That same morning, counsel for Blitz and Local Access memorialized the discussion and agreements in a lengthy, itemized letter to Peerless's counsel.  This correspondence was followed by two clarifying emails on August 25.  This motion was thereafter prepared.  Federal courts encourage the parties to work together to resolve their disputes and a brief delay to attempt to resolve issues should not be held against a party.  *See, e.g., Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 225 (N.D.W. Va. 2007).

---

[2]   The deadline for discovery in this case is September 1, 2015.  Peerless was aware of this impending deadline when it delayed the scheduling of the deposition.

Generally, Rule 30(b)(6) does not require Court intervention before the deposition. *See F.D.I.C. v. Brudnicki*, 2013 WL 5814494, at *2 (N.D. Fla. Oct. 29, 2013). The deposition is to take place and any disputes which remain after the deposition should be raised thereafter by a motion to compel. *Id.* However, given the looming September 1, 2015 discovery deadline, this motion is being filed at this time to either compel the discovery of a corporate representative on the disputed topics before the close of discovery, or shortly thereafter. Should any aspects of this motion be mooted by the August 27, 2015 deposition of the Peerless corporate representative, this motion will be amended and/or supplemented.

The subject of each objection will be addressed in a separate paragraph below.

**Topic 1:** The parties agreed on modification of the topic description and Peerless agreed to provide a witness on the topic as modified.

**Topic 2:** This topic requested testimony on "Peerless's communications and negotiations with Blitz or its principals between June 1, 2011 and June 1, 2012, regarding Blitz's offer to sell or intention to sell Blitz or Blitz's assets to Peerless and/or Peerless's competitors and/or any other third party."[3] Peerless agreed to provide a witness regarding "negotiations" but objected to producing a witness regarding "communications" as being unduly burdensome. It was Peerless's position that no one person could know all of the communications held by the corporation. Counsel for Blitz and Local Access pointed out that more than one person could be proffered on the topic. Additionally, Blitz and Local Access offered to narrow the topic to "written communications" and "verbal communications of Peerless's decision-makers," but Peerless did not agree to this attempted compromise. It is the position of Blitz and Local Access that Peerless, as a party, must commit to what communications it had on this highly relevant topic. Moreover, it is inconsistent for Peerless to

---

[3]     In their Rule 3.01(g) conference, the parties agreed that the reference to "third parties" was no longer an issue nor a subject of objection, as the only "third parties" referenced were also "Peerless's competitors."

testify as to its "negotiations" but not its "communications," where communications are what formed the basis for the negotiations.  This topic is not unduly burdensome.  It is reasonable to request a witness who can discuss Peerless's communications with Blitz about the subject of this litigation, and a witness should be provided.

**Topic 3:**   This topic requested testimony on "The internal communications within the Peerless organization(s) or entities from June 1, 2011 through June 1, 2012 regarding Blitz's offer to sell or intention to sell Blitz or a portion of Blitz's assets to Peerless, and/or to Peerless's competitors and/or any third party."   After discussions, Peerless's only remaining objection was to producing a witness regarding "internal communications" as being unduly burdensome.    The internal communications are what form the basis for Peerless's actions.  They will likely reflect the motives for Peerless's conduct, which is the very subject of this litigation.   This topic is not unduly burdensome and is essential to establishing why Peerless induced Blitz to withdraw from the sale it had pending.    It is reasonable to request a witness who can discuss Peerless's internal communications about the subject of this litigation and a witness should be provided.

**Topic 4:**   This topic requested testimony on "The internal communications within the Peerless organization(s) or entities from June 1, 2011 through June 1, 2012 regarding Peerless's desire and efforts to prevent Blitz from selling its business or any of its assets to any of Peerless's competitors and/or to any third party."   After discussions, Peerless agreed to produce a witness to testify whether Peerless's officers did make a determination to try to prevent Blitz's sale.  Blitz and Local Access believed that this was too narrow a scope, and suggested a compromise of testimony on whether Peerless's board, officers and/or other decision-makers made a determination to try to prevent Blitz's sale, and what steps were taken to implement that strategy.  Peerless declined this suggestion.   In further discussions, Plaintiffs offered to agree to limit the term "other decision

makers" to Mr. Barnicle, Mr. Knight, officers and the board.  This too was not accepted by Peerless.  At present, Peerless still has only agreed to have a witness testify as to whether Peerless's officers decided to try to stop the sale of Blitz's assets.  This is too narrow, as it does not address all persons at Blitz who make corporate policy and strategy, and it does not address what conduct Peerless may have pursued in the furtherance of stopping Blitz's sale.  The topic, as limited by Plaintiffs' offers of limitation, is relevant and is not burdensome or overbroad.  Accordingly, a witness should be provided.

**Topic 5:**  No disputes remain.  Peerless agreed to provide a witness on this topic.

**Topic 6:**  No disputes remain.  Peerless agreed to provide a witness on this topic.

**Topic 7:**  No disputes remain.  Peerless agreed to produce a witness to testify as to which of its customers Peerless knows to be in the prepaid calling card business and those that have represented to Peerless that they are in that business.

**Topic 8:**  This topic requested testimony on "The contractual terms between Peerless and each of its prepaid calling card clients in place during the period of June 1, 2011 through the date of deposition."  Peerless objected on the grounds that it did not know which of its clients are prepaid calling card customers.  After discussion, Peerless agreed that if Peerless does have actual knowledge that a customer has prepaid calling card minutes of use on the Peerless Network, then Peerless will discuss the terms of the contracts related to those prepaid calling card minutes of use.  This is inadequate, in that the contract between Peerless and Local Access allows Local Access to dictate terms and prices for all Prepaid Calling Card customers, regardless of whether there are prepaid minutes of use on Peerless's network.  This provision (section 7.1 of the Homing Tandem Agreement) was put into the contract so that Peerless could not discount or credit these customers for prepaid minutes in exchange for other revenue-generating (non-prepaid) traffic.  Such an

arrangement would allow Peerless to show no revenue from prepaid minutes of use, and thus give Peerless the opportunity to deny knowledge of prepaid minutes of use on their network (based on the absence of any prepaid minute revenue).  The parties agreed to narrow the time frame for this topic to April 2012 through the present.  However, Peerless would only agree to provide contract terms for customers it knows (or has been told) have prepaid minutes *on* Peerless's network.  This coy position would allow Peerless to do precisely what section 7.1 of the contract is meant to prevent.  It would allow Peerless to deny revenue from prepaid minutes, where it has agreed not to charge customers for the prepaid minutes in exchange for other forms of revenue-generating traffic.

Blitz and Local Access stated that if Peerless's representative testifies that Peerless knows (or has been told) that any customer is in the prepaid market, testimony would be required as to the terms of the contract with that customer.  Further, as to AT&T, Verizon, Sprint and Quest, (which are customers that Plaintiffs know do not raise the concerns discussed above regarding "masking" prepaid minutes), Plaintiffs would not require disclosure of terms of those contracts if the testimony is that those companies do not have prepaid minutes on Peerless's network.  As to IDT, Krush and any companies that are designated on the protected client list attached to Blitz's contract with Peerless, Plaintiffs would require testimony of terms of contracts.[4]  As to other companies, once they were identified Plaintiffs would determine whether they could waive receiving testimony as to the listed topic.  The Plaintiffs' offered limitations are reasonable and a witness should be provided.

**Topic 9:**  This topic requested testimony on "The volume of traffic generated by Peerless's prepaid calling card clients, measured both in MOU [Minutes of Use] and revenue, for each month

---

[4]      During the deposition of Robert Russell, Peerless's counsel identified at least two prepaid calling card customers of Peerless's who are on the protected customer list attached to the Blitz/Peerless contract.  Under that contract, Peerless is expressly prohibited from selling to and doing business with any such listed companies.  Moreover, as prepaid calling card customers, Peerless is expressly prohibited from servicing these companies and would be required, under the Homing Tandem Agreement with Local Access, to refer those customers to Local Access.  As such, the terms and prices of Peerless's contracts with such customers are directly relevant to this action.

from June 2011 through the date of deposition." The parties narrowed the time frame to April 2012 through the date of deposition, but faced the same disagreements as they did for Topic 8. In light of the relevance of the topic, and the reasonableness of the scope of the topic (as narrowed by Plaintiffs' concessions), a witness should be provided.

**Topic 10:** This topic requested testimony on "The transfer or referral of any prepaid calling card clients by Peerless to any other entity from June 1, 2011 through the date of deposition." Peerless objected on the grounds that it did not know which of its clients are prepaid calling card customers. After discussion, Peerless agreed to identify those companies that were transferred to Blitz or Local Access, which Peerless knows to be prepaid calling card providers or which have represented to Peerless that they have prepaid calling card minutes of use on the Peerless network. Plaintiffs did not agree to limiting the inquiry as to prepaid calling card customers that Peerless knows to have prepaid calling card minutes. Rather, Plaintiffs proposed that Peerless provide a witness who will testify to the transfer or referral of customers it knows to be in the prepaid business or who have told Peerless that they are in the prepaid business. In support of this topic, Plaintiffs would point out that (1) Peerless represented it had a specific range of minutes of use that it would transfer, as an inducement to prevent the sale of Blitz's assets; (2) Peerless entered into a contract to transfer its prepaid calling card customers to Local Access and to not compete in the prepaid market; (3) Peerless's counsel identified numerous prepaid customers of Peerless at Mr. Russell's deposition; and (4) Richard Knight, an officer of Peerless, testified at his deposition that he did create a list of prepaid calling card customers at one time. Thus, it is not credible for Peerless to posit that it cannot identify its prepaid calling card customers, who it represented it had and agreed to refer to Local Access. Peerless should be compelled to produce a witness who will testify on this topic.

**Topic 11:** Blitz and Local Access offered to narrow the topic to "written communications"

and "verbal communications of Peerless's decision-makers," but Peerless did not agree to this attempted compromise.  It is the position of Blitz and Local Access that Peerless, as a party, must commit to what communications it had on this highly relevant topic.  Moreover, it is inconsistent for Peerless to testify as to its "negotiations" but not its "communications," where communications are what formed the basis for the negotiations.  This topic is not unduly burdensome.  It is reasonable to request a witness who can discuss Peerless's communications with Local Access about the subject of this litigation, and a witness should be provided.

**Topic 12:**  This topic requested testimony on "Peerless's communications and negotiations with Blitz and its principals leading to the execution of the Homing Tandem Agreement between Peerless and  Local Access, with an effective date of June 1, 2012."   The parties were unable to reach an agreement, as the issues of contention are the same as those for Topic 11.

**Topic 13:**  No disputes remain.  Plaintiffs agreed to withdraw this topic.

**Topic 14:**  No disputes remain.  Plaintiffs agreed to withdraw this topic.

**Topic 15:**  No disputes remain.  Peerless agreed to provide a witness on this topic.

**Topic 16:**  This topic requested testimony on "All communications by Peerless to Blitz, Local Access or their respective principals, relative to DS-3 facilities."  Peerless objected to producing a witness regarding "all communications" as being unduly burdensome.  Peerless has asserted a counter-claim, alleging that Local Access ordered but did not pay for DS-3 facilities. Blitz and Local Access have asserted that Local Access did not do so, but that Blitz ordered DS-3 facilities and paid all properly invoiced charges.  Thus, this topic requests a witness who can testify as to the communications between the parties on the subject of Peerless's counterclaim.  This topic is reasonable and not unduly burdensome, and a witness should be provided.

**Topic 17:**   This topic requested testimony on "All communications to Peerless from Blitz, Local Access or their respective principals, relative to DS-3 facilities."   The parties were unable to reach an agreement, as the issues of contention are the same as those for Topic 16.

**Topic 18:**   No disputes remain.  Peerless agreed to provide a witness on this topic.

**Topic 19:**   No disputes remain.  Peerless agreed to provide a witness on this topic.

**Topic 20:**   No disputes remain.  Peerless agreed to provide a witness on this topic.

**Topic 21:**   This topic requested testimony on "Any agreements between Peerless and Blitz, written or otherwise, that Peerless contends have any materiality to this case."   Peerless objected on the grounds that the topic is vague and imprecise.   However, this topic is requesting testimony from Peerless regarding any agreements between the parties that Peerless contends are material to the issues in this case.  This topic is not vague; it is specific.  And, a witness should be provided.

**Topic 22:**   This topic requested testimony on "Any agreements between Peerless and Local Access, written or otherwise, that Peerless contends have any materiality to this case."   Peerless objected on the grounds that the topic is vague and imprecise.   However, this topic is requesting testimony from Peerless regarding any agreements between the parties that Peerless contends are material to the issues in this case.  This topic is not vague; it is specific.  And, a witness should be provided.

**Topic 23:**   No disputes remain.  Peerless agreed to provide a witness on this topic.

**Topic 24:**   This topic requested testimony on "Peerless's affirmative defenses, and the factual basis for each such defense."   Peerless objected that the topic lacked particularity and it was improper to seek Peerless's contentions in a 30(b)(6) deposition.   This topic is specific: Peerless raised affirmative defenses and needs to provide a witness (or witnesses) to discuss the factual bases

for the same.   Also, the precise point of a 30(b)(6) deposition is to establish a corporation's contentions in a law suit.  This topic is reasonable and a witness should be provided.

    **Topic 25:**  This topic requested testimony on "Peerless's counterclaim, and the factual basis for such counterclaim."  Peerless objected that the topic lacked particularity and it was improper to seek Peerless's contentions in a 30(b)(6) deposition.  This topic is specific: Peerless brought a counterclaim and needs to provide a witness (or witnesses) to discuss the factual bases for the same. Also, the precise point of a 30(b)(6) deposition is to establish a corporation's contentions in a law suit.  This topic is reasonable and a witness should be provided.

    **Topic 26:**  No disputes remain.  Plaintiffs agreed to withdraw this topic.

    **Topic 27:**  This topic requested testimony on "What efforts Peerless undertook to migrate prepaid calling card customers to Local Access."  Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17. Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.   Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

    **Topic 28:**  This topic requested testimony on "What efforts Peerless undertook to migrate prepaid calling card customers to Blitz."  Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a

date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions. Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 29:**   This topic requested testimony on Peerless's "Knowledge of the contracts of all Peerless prepaid calling card customers."   Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions. Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 30:**   This topic requested testimony on Peerless's "Knowledge of rate changes sent to any and all prepaid calling card customers from June 2012 through August 2015."   Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 31:**   This topic requested testimony on Peerless's "Knowledge of any contract negotiations, amendments or new contracts with these PCC (prepaid calling card customers) from June 2012 to August 2015."   Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.   Peerless admits it was provided with this topic more than 14 days before the deposition.   Peerless refused to provide a date until it received a list of topics.   Then, after receiving a list of topics, it still failed to provide a date. As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions. Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.   This topic is reasonable and a witness should be provided.

**Topic 32:**   This topic requested testimony on "How much each Prepaid Calling Card Customer was credited by Peerless and/or paid to Peerless between May 2012 to August 2015." Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.   Peerless admits it was provided with this topic more than 14 days before the deposition.   Peerless refused to provide a date until it received a list of topics.   Then, after receiving a list of topics, it still failed to provide a date.   As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.   Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.   This topic is reasonable and a witness should be provided.

**Topic 33:**   This topic requested testimony on Peerless's "Knowledge of Peerless's billings to and collections from any other carrier for any and all services related to prepaid calling card clients from June 2012 to present."   Peerless objected that this topic was only identified as a draft

topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 34:**  This topic requested testimony on Peerless's "Knowledge of where documents reside for any Prepaid Calling Card Customer of Peerless from June 2012 to present and who has possession of such documents."  Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 35:**  No disputes remain.  Plaintiffs agreed to withdraw this topic as Peerless agreed to produce a witness to testify on negotiations pursuant to Topic 11.

**Topic 36:**  This topic requested testimony on Peerless's "Knowledge of all Peerless Customers of which Peerless is aware that are involved in any way with prepaid calling cards from June 2012 to present."  Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was

provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date. As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions. Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 37:**  No disputes remain.  Plaintiffs agreed to withdraw this topic.

**Topic 38:**   This topic requested testimony on Peerless's "Knowledge of all invoices and payments sent to and received from Peerless prepaid calling card clients."  Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition. Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.   Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 39:**  This topic requested testimony on Peerless's "Knowledge of all communications, invoices, credits, payments, carrier billing, Daily/Monthly/Annual Minutes of Use, and any other related material regarding, relating to, or evincing Peerless's Customer IDT."  Peerless objected to producing a witness regarding "all communications" as being unduly burdensome.  This topic requests a witness who can testify about Peerless communications regarding a specific Peerless customer who is known to be in the prepaid market.  Peerless also objected that the topic is overly

broad and that Peerless cannot provide one witness who knows about a particular customer. However, Rule 30(b)(6) does not limit Peerless to providing only one witness as a corporate representative.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.   Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date. As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions. Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 40:**  This topic requested testimony on Peerless's "Knowledge of all communications, invoices, credits, payments, carrier billing, Daily/Monthly/Annual Minutes of Use, and any other related material regarding, relating to, or evincing Peerless's Customer Krush."  Peerless objected to producing a witness regarding "all communications" as being unduly burdensome.   This topic requests a witness who can testify about Peerless communications regarding a specific Peerless customer who is known to be in the prepaid market, and is on Blitz's protected customer list. Peerless also objected that the topic is overly broad and that Peerless cannot provide one witness who knows about a particular customer.   However, Rule 30(b)(6) does not limit Peerless to providing only one witness as a corporate representative.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition. Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the

deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.   Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 41:**  This topic requested testimony on Peerless's "Knowledge of all communications, invoices, credits, payments, carrier billing, Daily/Monthly/Annual Minutes of Use, and any other related material regarding, relating to, or evincing Peerless's Customer Nobel."  Peerless objected to producing a witness regarding "all communications" as being unduly burdensome.  This topic requests a witness who can testify about Peerless communications regarding a specific Peerless customer who is known to be in the prepaid market.  Peerless also objected that the topic is overly broad and that Peerless cannot provide one witness who knows about a particular customer.  However, Rule 30(b)(6) does not limit Peerless to providing only one witness as a corporate representative.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 42:**  This topic stated "Knowledge of Peerless contracts that were in place during the month of November 2010 with the following companies: Auris, ADMA (BTS), Citrix, Directo (ICS & All-Access), iBasis, IDT, Locus, Network IP, Point One, Starview Networks, and Touch-Tel.

These clients Peerless identified as existing Customers contracted with Peerless as of 11/22/2010 on Attachment A- Restricted clients list."  Peerless objected that the topic seeks knowledge of contracts with third parties and that any such contracts speak for themselves.  These objections are without merit in law or evidence.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 43:**  This topic requested testimony on Peerless's "Knowledge of Peerless's actions, communications, documentation, and conversations regarding allowing Local [Access] to negotiate pricing and terms with prepaid calling card clients."  Peerless objected that this topic is overbroad, irrelevant and unduly burdensome.  These are not valid objections.  This subject was part of the contract negotiations at the heart of the Plaintiffs' claims.  The topic is not overbroad; it is specific to the topic of allowing Local Access to negotiate pricing and terms with prepaid calling card clients.  It is not unduly burdensome just because it may require more than one witness.  Rule 30(b)(6) does not limit Peerless to providing only one witness as a corporate representative.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally

schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 44:**  This topic requested testimony on Peerless's  "Knowledge of Peerless services, facilities, equipment, network, provisioning, capacity, circuit orders, capacity planning, capacity availability, capacity delays, costs related in any way to Peerless's service to Local Access under the Homing Tandem Service Agreement."  Peerless objected that this topic is overbroad, irrelevant and unduly burdensome.   These are not valid objections.   This subject was part of the contract negotiations at the heart of the Plaintiffs' claims.  The topic is not overbroad; it is specific to the topic of whether Peerless had the capacity to do what it said it could do in its contract negotiations with Local Access.  It is not unduly burdensome just because it may require more than one witness.  Rule 30(b)(6) does not limit Peerless to providing only one witness as a corporate representative.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 45:**  This topic requested testimony on Peerless's "Knowledge of any other Peerless Customers utilizing the Homing Tandem Service from Peerless."  Peerless objected that the topic is

irrelevant.  This objection is without merit in law or evidence with respect to the topic of discovery.  The test for whether something is discoverable is not relevancy, but rather whether the discovery is reasonable calculated to lead to admissible evidence.  This topic meets that test, in that it can lead to discovering facts pertinent to Peerless's ability to perform the contract that it negotiated.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 46:**  This topic requested testimony on Peerless's "Knowledge of any and all services provided by Peerless to Blitz and or Local Access from Nov. 2010 to present."  Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 47:**   This topic requested testimony on Peerless's "Knowledge of all of Peerless's efforts to comply with or failure to comply with any and all terms of the Local Access Homing Tandem Service Agreement."   Peerless objected that the topic was overly broad, unduly burdensome and that was improper to seek Peerless's contentions in a 30(b)(6) deposition.   This topic is specific: Peerless's efforts to fulfill its obligations under an agreement that is the subject of this action. Also, the precise point of a 30(b)(6) deposition is to establish a corporation's contentions in a law suit. Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.   Peerless admits it was provided with this topic more than 14 days before the deposition.   Peerless refused to provide a date until it received a list of topics.   Then, after receiving a list of topics, it still failed to provide a date.   As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.   Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.   This topic is reasonable and a witness should be provided.

**Topic 48:**   This topic requested testimony on Peerless's "Knowledge of any Peerless invoices, credits, write offs, payments received, or any other accounting transaction related to Blitz and/or Local Access from November 2010 to November 2014."   Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.   Peerless admits it was provided with this topic more than 14 days before the deposition. Peerless refused to provide a date until it received a list of topics.   Then, after receiving a list of topics, it still failed to provide a date.   As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.   Peerless's contention of lack of notice under the

circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 49:**  This topic requested testimony on Peerless's "Knowledge of any Peerless estimated billing, actual billing, and payments received based in any way related to Local Access and/or Blitz from November 2010 to present."  Peerless objected that the topic was vague and overly broad.  Plaintiffs agreed to limit the topic to "Knowledge of any Peerless estimated billing, actual billing and payments received as a result of its relationship with Local Access and/or Blitz from June 2012 to the present."  However, Peerless stood on its objection.  This topic is not vague or overbroad.  It seeks a witness to testify about Peerless's billing and payments resulting from its agreements with the Plaintiffs.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions.  Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 50:**  No disputes remain.  Plaintiffs agreed to withdraw this topic.

**Topic 51:**  This topic requested testimony on Peerless's "Knowledge of any regulatory or changes in law that precluded Peerless from performing under its Agreements with Blitz and or Local Access."  Peerless objected that this topic is irrelevant and duplicative of discovery in another case.  These objections are without merit in law or evidence with respect to the topic of discovery.  The test for whether something is discoverable is not relevancy, but rather whether the discovery is

reasonable calculated to lead to admissible evidence.  This topic meets that test.  For example, it would be reasonable to ask "Is it Peerless's position that some regulation or change in law prevented Peerless from transferring or referring prepaid calling card customers to Local Access?"  This would be directly material to the issues in this case. Whether it is duplicative of discovery in another case is of no import whatsoever.  Additionally, Peerless objected that this topic was only identified as a draft topic on August 12 and not formalized in a deposition notice until August 17.  Peerless admits it was provided with this topic more than 14 days before the deposition.  Peerless refused to provide a date until it received a list of topics.  Then, after receiving a list of topics, it still failed to provide a date.  As a result, Plaintiffs had to unilaterally schedule the deposition, and did so for the time when counsel for all parties would be in the city of Peerless's place of business for other depositions. Peerless's contention of lack of notice under the circumstances amounts to nothing more than improper gamesmanship.  This topic is reasonable and a witness should be provided.

**Topic 52:**  No disputes remain.  Plaintiffs agreed to withdraw this topic.

## III.     CONCLUSION

Peerless's objections to the disputed topics listed above should be overruled, and Peerless should be compelled to produce a corporate representative or representatives to testify on any such topic for which Peerless refused to provide a witness or testimony.  Additionally, if necessary, this corporate representative deposition should be allowed to be scheduled after the discovery deadline.  Finally, Peerless should be sanctioned in the amount of attorney's fees incurred by Plaintiffs to make this motion, and the attorney's fees and costs that will be incurred in traveling back to Chicago for the deposition of one or more corporate representatives.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

I HEREBY CERTIFY that the undersigned counsel for Plaintiffs conferred by telephone with counsel for the Defendant on August 24, 2015, and represents that the Defendant <u>OPPOSES</u> the requested relief.

 <u>/s/ Lee W. Marcus</u>
**LEE W. MARCUS, ESQUIRE**
Florida Bar No.: 967076


## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the <u>**27th**</u> day of <u>**August**</u>, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Henry T. Kelley, Esq. (hkelley@kelleydrye.com), Matthew C. Luzadder, Esq. (mluzadder@kelleydrye.com), Michael R. Dover, Esq. (mdover@kelleydrye.com), KELLEY DRYE & WARREN, LLP, 333 W. Wacker Drive, Suite 2600, Chicago, IL  60606; and Ronnie J. Bitman, Esq. (rbitman@pearsonbitman.com), PEARSON BITMAN, LLP, 485 N. Keller Road, Suite 401, Maitland, FL  32751.

 <u>/s/ Lee W. Marcus</u>
**LEE W. MARCUS, ESQUIRE**
Florida Bar No.: 967076
Email:  lmarcus@marcusmyerslaw.com
**ERNEST J. MYERS, ESQUIRE**
Florida Bar No.: 947350
Email:  emyers@marcusmyerslaw.com
MARCUS & MYERS, P.A.
1515 Park Center Drive, Suite 2G
Orlando, Florida 32835
Tel:    407-447-2550 / Fax:   407-447-2551
Counsel for Plaintiffs,
Loacal Access, LLC and Blitz Telecom Consulting, LLC