UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

     Plaintiffs,

v.                                     Case No:   6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

     Defendant.

_____

## ORDER

Pending before the Court are multiple motions to seal information the parties want the Court to consider when ruling on their motions to compel and for sanctions (Docs. 72, 99, 100, 102).

## Background

Plaintiffs Local Access, LLC and Blitz Telecom Consulting, LLC allege, *inter alia*, that in 2011, Blitz employed investment bank and brokerage firm Cantor Fitzgerald to explore the market, identify, and approach potential buyers of Blitz or a subset of Blitz' assets (Doc. 4, ¶ 16).   Cantor Fitzgerald identified West Corporation as a prospect willing to pay $8.5 million for Blitz (Doc. 62 at 2).   Plaintiffs complain that Defendant Peerless Network, Inc., fraudulently induced Blitz to forego this opportunity and instead, enter into an alternative business arrangement with Peerless (Doc. 4, ¶¶ 22-23).   Later, Local Access entered into a contract with Peerless (Id., ¶ 28).   Now, Local Access is suing Peerless for fraudulent inducement and breach of contract and Blitz is suing Peerless for tortious interference and fraud in the inducement (Id.).   Peerless denies liability and has

counterclaimed against Local Access for breach of contract and quantum meruit (Doc. 39).

## Legal Standard

Middle District of Florida Rule 1.09 requires a party filing a motion to seal to (1) identify and describe each item proposed for sealing; (2) provide the reason why filing each item is necessary; (3) explain the reason why sealing each item is necessary; (4) state why a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the motion to seal; (5) suggest the proposed duration of the seal; and (6) provide a memorandum of law supporting the seal. Id.

In addition to Local Rule 1.09, the law provides that "'[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)).   This right "includes the right to inspect and copy public records and documents."  Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'"  Romero, 480 F.3d at 1246 (quoting Chicago Tribune, 263 F.3d at 1313).   In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether

the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original)). The parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access. Graphic Packaging Int', Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). And, courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions. Where, as here, the information is to be filed in connection with discovery motions, it is not subject to the common-law right of access. Chicago Tribune, 263 F.3d at 1312; Romero, 480 F3d. at 1245.

## Motions

(1)   Plaintiffs have filed a Motion to Seal Exhibits G-J to Blitz's Opposition to Peerless's Motion for Sanctions and to Compel Complete Production and to Seal Exhibits 1, 15, and 19 to Peerless's Motion Pursuant to Court Order (Doc. 72).

Exhibit G is a presentation prepared by Blitz for West in connection with the potential sale of Blitz' assets to West (Id., at 2).   The exhibit contains historical revenue

breakdown by product type, revenue by individual customer (although the customer name is redacted), financial projections, and information regarding Blitz VoIP traffic distribution and a brief technical summary of some of what Blitz does or does not provide to its customers under agreements that were the subject of the potential sale.

Exhibit H contains some of the historical financial information furnished to West in Exhibit G, such as revenue breakdown by product type, revenue by individual customer (although the customer name is redacted), and financial projections.   It also contains a document with monthly revenue and active DID for customers whose names have been redacted, and another document with January 2012 revenue and percentages by DID, DSO ports, and usage charges.

Exhibit I is an email sent to Peerless in January 2012 containing actual profit and loss for Blitz for the last quarter of 2011 and future projections.

Exhibit J is another version of Exhibit G.

Exhibit 1 to Peerless' motion for sanctions is the engagement letter between Blitz and Cantor Fitzgerald which contains the terms upon which Blitz retained Cantor Fitzgerald to identify potential acquirers and the fees to be paid Cantor Fitzgerald.

Exhibit 15 to Peerless' motion for sanctions contains the annual Profit and Loss Statements for Blitz for the years 2010 – 2014.

Exhibit 19 to Peerless' motion for sanctions contains due diligence documents provided to West by Blitz and/or Cantor Fitzgerald pursuant to a confidentiality agreement with West.   The documents include Blitz' revenue information by customer (no customer name is disclosed), billing summaries by customer (without disclosure of name), profit and loss statements and forecasts.

Peerless is utilizing Exhibits 1, 15 and 19 to show that Blitz has withheld documents, particularly financial documents, during discovery (Doc. 72 at 3).   Blitz wishes to use Exhibits G-J to counter Peerless' allegations (Id., at 4).   Blitz represents that all of these exhibits contain confidential and proprietary business information that is not publicly available and which would negatively impact Blitz' business operations should it become available to Blitz' customers and competitors (Id.).   Blitz is unaware of any other less restrictive method that will preserve its interest (Id.).

Peerless opposes the motion to seal on the ground that the exhibits contain information that was not designated confidential and which is publicly available as attachments to its motion to compel (Doc. 84 at 2).   Peerless argues that Plaintiffs did not designate their expert witness's report, or any of the documents disclosed by Plaintiffs' expert as confidential and those documents have been filed publicly as Exhibits 5, 20-25 to Peerless' motion to compel (Id.).

To the extent Exhibits G-J and 1, 15, and 19 duplicate any of Exhibits 5 or 20-25 to Peerless motion to compel, the motion to seal (Doc. 72) is **DENIED**.   With the exception of these documents, the motion is **GRANTED**.

(2)   Plaintiffs have filed their Unopposed Motion to Seal Exhibit B to Plaintiffs' Supplemental Motion to Compel Corporate Representative Deposition Following Discovery Deadline Pursuant to Court Order (Doc. 99).   Exhibit B is being offered in support of Plaintiffs' motion to reopen the FED. R. CIV. P. 30(b)(6) deposition of Peerless. The exhibit consists of two documents marked as Exhibits 6 and 10.   According to Peerless' Chief Financial Officer, Exhibit 6, contains "'all the minutes that went to a Blitz phone number that was pulled out of' the Peerless database."   (Id., at 2).   Exhibit 10,

purports to reflect "all revenues received by Peerless from customers similarly situated as Blitz, after debiting 'clawbacks' from the total revenues."   (Id.).

Plaintiffs represent that the information contained in Exhibit B is not publicly available, and contains confidential and proprietary business and financial information (Id.).   They also represent that the exhibit cannot be meaningfully redacted, and that they are unaware of any other, less restrictive method other than sealing the exhibit. Peerless does not oppose this motion (Id., at 6).

The Court finds that if made public, Exhibit B could negatively impact the parties' business operations, and that this concern outweighs the public's interest in accessing the exhibit.   Accordingly, the motion to seal Exhibit B is **GRANTED**.

(3)   Next, is Plaintiffs' Unopposed Motion to Seal Pursuant to Court Order Exhibits to Plaintiffs' Motion to Compel Defendant to Produce Unredacted Documents and Motion for Sanctions (Doc. 100).   Plaintiffs propose to file 285 redacted documents comprising 10,468 pages that have been grouped together in 17 composite exhibits (Id., at 2).   Of the 10,468 pages, Peerless has designated 10,460 pages as confidential pursuant to the Court's Protective Order (Id.; Doc. 67).   Peerless does not oppose this motion (Id., at 3-4).

When a party files a paper, the Court assumes the party expects the Court to read it.   The Court fails to understand why it needs to read 10,468 pages of exhibits in order to make an informed decision on Plaintiffs' motion to compel.   Accordingly, this motion is **GRANTED in part**.   Plaintiffs may file under seal, one representative document from each of the 17 composite exhibits.   Representative documents should not exceed three pages.   In all other respects, this motion is **DENIED**.   If Plaintiffs can demonstrate why

this procedure is not satisfactory to the presentation of their motion to compel, then they

may file a supplemental motion to seal.

(4)   The final motion is Plaintiffs' Renewed Motion to Seal Exhibits E-H to

Plaintiffs' Motion to Compel Production of Documents and Better Responses to Request

for Production, Pursuant to Protective Order (Doc. 102).   Peerless does not oppose this

motion (Id., at 5).

Exhibit F is an email string among Peerless employees dated November 12, 2013.

Among other things, it discusses Peerless' agreement with one of its Prepaid Calling

Card customers/clients ("PPCCs"), and questions what will happen if Local Access

"mak[es] a pitch" to that PPCC.   It also contains monthly reports on Peerless' financial

performance, including information related to services provided to Blitz.   Peerless

redacted portions of the document before producing it to Plaintiffs (Id., at 2).

Nevertheless, document still appears to contain confidential information.

Exhibit G is an email string among Peerless employees dated September 11,

2013.   It discusses, *inter alia*, Peerless' agreement with one of its PPCCs.   It also

contains monthly reporting on Peerless' financial performance, including information

related to services provided to Blitz.   Peerless also redacted portions of this document

before producing it to Plaintiffs (Id.).   Despite the redactions, the exhibit still appears to

contain confidential information.

Exhibit H is an email string between employees of Peerless and Plaintiffs.   The

dates of the emails range from April 11, 2013 through April 17, 2013.   They discuss,

among other things, a rate change implemented by Peerless and how the rate change

relates to the agreements that are the subject of this lawsuit.   The emails also discuss a

dispute between the parties as to Peerless' contractual obligations which issue is before the Court in this case.

Plaintiffs allege that these documents are necessary to show that Peerless has not fully complied with their requests for production (Doc. 102 at 3). Plaintiffs represent that sealing is necessary because Peerless asserts that the exhibits contain confidential information. The motion to seal Exhibits F, G, and H is **GRANTED**.

## Procedure

Plaintiffs shall file in the public record, a redacted version of all documents sealed pursuant to this Order. Plaintiffs shall deliver unredacted copies of all of the sealed documents to the Clerk for filing under seal. The Clerk shall maintain the unredacted documents under seal until the earlier of: (1) an order unsealing the documents; (2) one year from the date of this Order; or (3) the conclusion of the case, including any appeals. Prior to the expiration of the seal, any party may file a motion to extend the seal of any or all of these documents.

**DONE** and **ORDERED** in Orlando, Florida on September 10, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record