UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC, *et al.*,

    Plaintiffs,

v.                                                            Case No:   6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

Pending before the Court is Defendant's unopposed motion to file documents under seal (Doc. 116).   For the reasons that follow, the motion is due to be granted.

### I. Standard

Middle District of Florida Rule 1.09 requires a party filing a motion to seal to (1) identify and describe each item proposed for sealing; (2) provide the reason why filing each item is necessary; (3) explain the reason why sealing each item is necessary; (4) state why a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the motion to seal; (5) suggest the proposed duration of the seal; and (6) provide a memorandum of law supporting the seal. M.D. Fla. R. 1.09.

In addition to Local Rule 1.09, the law provides that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is

instrumental in securing the integrity of the process.'"  Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)).  "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents."  Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)).  "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"  Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309.   In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.  Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).   Nevertheless, the parties' agreement to seal court documents "is immaterial" to the public's right of access.  Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).   Where, as here, documents are filed in connection with a motion to compel discovery, they are not subject to the common-law right of access.  Chicago Tribune Co., 263 F.3d at 1312.

## II. Discussion

Defendant seeks to file Exhibits 5 and 6 to Peerless' Response to Plaintiffs' Motion to Compel Regarding Peerless' Response to Interrogatories and Document Requests (Doc. 112) under seal. (Doc. 116). Defendant's motion is unopposed, and Defendant represents that the documents sought to be sealed contain confidential business records that have been designated as "Confidential" pursuant to the protective order in this case. Exhibit 5 and 6 are both emails that contain information about Defendant's prepaid calling card clients.

The Court finds that, for purposes of the motions to compel pending before the Court, Defendant's interests in the privacy of its financial records outweigh the public's right of access. Defendant's motion to file documents under seal (Doc. 116) is therefore **GRANTED**. Defendants are **ORDERED** to file Exhibits 5 and 6 to Doc. 112 under seal within ten (10) days. The Clerk shall maintain the documents under seal until the earlier of: (1) an order unsealing the documents; (2) one year from the date of this Order; or (3) the conclusion of the case, including any appeals. Prior to the expiration of the seal, any party may file a motion to extend the seal of any or all of these documents. The Court notes that Defendant attached redacted copies of Exhibits 5 and 6 to its motion (See Docs. 116-1, 116-2).

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record