UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC, *et al.*,

    Plaintiffs,

v.                                        Case No:   6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

# ORDER

Pending before the Court is Plaintiffs' unopposed motion to file documents under seal (Doc. 121). For the reasons that follow, the motion is due to be denied.

## I. Standard

Middle District of Florida Rule 1.09 requires a party filing a motion to seal to (1) identify and describe each item proposed for sealing; (2) provide the reason why filing each item is necessary; (3) explain the reason why sealing each item is necessary; (4) state why a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the motion to seal; (5) suggest the proposed duration of the seal; and (6) provide a memorandum of law supporting the seal. M.D. F<small>LA</small>. R. 1.09.

In addition to Local Rule 1.09, the law provides that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is

instrumental in securing the integrity of the process.'"  Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)).  "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents."  Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)).  "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'"  Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309.  In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.  Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).  Nevertheless, the parties' agreement to seal court documents "is immaterial" to the public's right of access.  Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

## II. Discussion

Plaintiffs seek to file documents under seal in support of their motion for partial

summary judgment. The documents consist of seven deposition transcripts which Plaintiffs argue must be filed under seal because Defendant has designated significant portions of them "Confidential" pursuant to the protective order in this case. Although the motion is unopposed, Plaintiffs "do not necessarily agree that the documents are 'Confidential.'" (Doc. 121, p. 4).

Plaintiffs have failed to justify filing the deposition transcripts under seal. There is no indication that allowing access to the depositions would impair court functions or harm legitimate privacy interest. Although Defendant designated the depositions "Confidential," Plaintiffs have not explained why the information is confidential. Indeed, Plaintiffs have made no attempt to explain why the parties' interest in keeping the depositions confidential outweighs the public's right of access. Plaintiffs argue that the depositions should be sealed because they were designated "Confidential" and the parties agreed to file "Confidential" information under seal (Id.). But, the parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown, 960 F.2d at 1016. In short, Plaintiffs have not shown good cause to seal the depositions. Plaintiffs' motion to file documents under seal (Doc. 121) is therefore **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 5, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record