UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC, and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                                 Case No:   6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

Pending before the Court is Defendant's Unopposed Motion to Seal Docket Entries Nos. 130-1, 130-2, and 130-3. (Doc. 143). For the reasons that follow, the motion is due to be granted.

### I. Standard

Middle District of Florida Rule 1.09 requires a party filing a motion to seal to (1) identify and describe each item proposed for sealing; (2) provide the reason why filing each item is necessary; (3) explain the reason why sealing each item is necessary; (4) state why a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the motion to seal; (5) suggest the proposed duration of the seal; and (6) provide a memorandum of law supporting the seal. M.D. FLA. R. 1.09.

In addition to Local Rule 1.09, the law provides that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of

access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309. In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access. Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010). Nevertheless, the parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

## II. Discussion

Defendant seeks to seal Doc. Nos. 130-1, 130-2, and 130-3 (Doc. 143). Defendant's motion is unopposed, and Defendant represents that the documents sought to be sealed contain confidential business information that has been designated as "Confidential" pursuant to the protective order in this case.  The documents are deposition transcripts of Defendant's corporate representative and employees that contain "confidential information, including revenue information, minutes of use, customer names, contract terms with third parties, and other information the disclosure of which would cause competitive harm to Peerless."  (Doc. 143, pp. 1-2).

The Court finds that, at this stage of the litigation, the parties' interests in the privacy of their financial information outweigh the public's right of access.  Defendant's motion to seal Doc. Nos. 130-1, 130-2, and 130-3 (Doc. 143) is therefore **GRANTED**. The Clerk is **DIRECTED** to seal Doc. Nos. 130-1, 130-2, and 130-3.  The Clerk shall maintain the documents under seal until the earlier of: (1) an order unsealing the documents; (2) one year from the date of this Order; or (3) the conclusion of the case, including any appeals.  Prior to the expiration of the seal, any party may file a motion to extend the seal of any or all of these documents.

Defendant notes that Plaintiffs filed Doc. Nos. 130-1, 130-2, and 130-3 as exhibits to their Motion for Partial Summary Judgment (Doc. 122), but that Plaintiffs did not cite or otherwise rely on the vast majority of the testimony in their motion.  Defendant "has no objection to the public filing of excerpts of these transcripts which only include those pages specifically cited by Plaintiffs in their Motion for Partial Summary Judgment, as they do not contain confidential information."  (Doc. 143, pp. 2-3).  The Court has reviewed Plaintiffs' motion and the deposition transcripts and notes that, although the three deposition transcripts are over 500 combined pages, very few pages are actually

cited in Plaintiffs' Motion for Partial Summary Judgment (Doc. 122). Because it appears that the overwhelming majority of the deposition transcripts are not necessary for resolution of Plaintiff's motion, the Court will not require Defendant to redact the entire 500+ pages of deposition transcripts. Instead, Defendant may file the relevant excerpts of the depositions on the public record. Accordingly, Defendant is **ORDERED** to file the pages in Doc. Nos. 130-1, 130-2, and 130-3 that Plaintiffs relied on in their motion for partial summary judgment (Doc. 122) on the public record within ten (10) days.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record