UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC, and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                           Case No:   6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

Pending before the Court are Plaintiffs' Unopposed Motion to Seal Exhibits to Response of Local Access, LLC and Blitz Telecom Consulting, LLC in Opposition to Peerless Network, Inc.'s Motion and Memorandum in Support of Summary Judgment on Counts I-IV (Doc. 142), and Plaintiff's Unopposed Motion to Seal Exhibits to Plaintiffs' Opposition to Defendant's Motion to Exclude Plaintiffs' Expert Testimony (Doc. 147). For the reasons that follow, the motions are due to be granted.

### I. Standard

Middle District of Florida Rule 1.09 requires a party filing a motion to seal to (1) identify and describe each item proposed for sealing; (2) provide the reason why filing each item is necessary; (3) explain the reason why sealing each item is necessary; (4) state why a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the motion to seal; (5) suggest the proposed duration of the seal; and (6) provide a memorandum of law supporting the seal. M.D. FLA. R. 1.09.

In addition to Local Rule 1.09, the law provides that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)).  "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents."  Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)).  "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309.   In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.  Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla.

Oct. 28, 2010).   Nevertheless, the parties' agreement to seal court documents "is immaterial" to the public's right of access.   Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

## II. Discussion

Plaintiffs seek to file Exhibits 3, 4, 6, 8, 9, 11, 13, and 14 to Doc. 141 and Exhibit E to Doc. 144 under seal (Docs. 142, 147).   Plaintiffs' motions are unopposed, and Plaintiffs represent that the documents sought to be sealed contain confidential and proprietary business records that have been designated as "Confidential" pursuant to the protective order in this case or by subpoenaed parties.   The exhibits to Doc. 141 consist of emails and letters that contain information about the potential sale of Blitz Telecom Consulting, LLC, confidential contract negotiations, and Defendant's customers (Doc. 142, pp. 1-2).   Exhibit E to Doc. 144 contains information related to Defendant's "minutes of use, billing and revenue collections, and the names of its prepaid calling card customers."   (Doc. 147, p. 1).

The Court finds that, at this stage of the litigation, the parties' interests in the privacy of their financial records outweigh the public's right of access.   Plaintiffs' motions to file documents under seal (Docs. 142, 147) are therefore **GRANTED**.   Plaintiffs are **ORDERED** to file Exhibits 3, 4, 6, 8, 9, 11, 13, and 14 to Doc. 141 and Exhibit E to Doc. 144 under seal within ten (10) days.   The Clerk shall maintain the documents under seal until the earlier of: (1) an order unsealing the documents; (2) one year from the date of this Order; or (3) the conclusion of the case, including any appeals.   Prior to the expiration of the seal, any party may file a motion to extend the seal of any or all of these documents.   Plaintiffs are further **ORDERED** to file redacted copies of the exhibits within ten (10) days.

**DONE** and **ORDERED** in Orlando, Florida on October 27, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record