IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC &
BLITZ TELECOM CONSULTING, LLC.,

    Plaintiffs,

CASE NO.: 6:14-CV-399-ORL-40TBS

v.

PEERLESS NETWORK, INC.,

    Defendant.
_____/

## PLAINTIFFS' STATEMENT OF POSITION ON ORDERS AND STIPULATIONS OF RECORD AT THE OCTOBER 14, 2015 HEARING

Plaintiffs hereby file their Statement of Position on Orders and Stipulations of Record the October 14, 2015 Hearing, and state as follows:

1. On October 14, 2015 the Court heard several discovery motions. The Court ruled on some of the issues and the parties announced stipulations on the record regarding other issues. Defendant has failed to comply with some of the issues in accordance with the orders and stipulations.

2. The undersigned counsel will travel to Chicago on November 10 for the depositions of Scott Kell and Margaret McNerney (on November 11) and the continued deposition of Peerless corporate representative Douglass Lee (on November 12).

3. On the evening of November 3, 2015, pursuant to stipulation, the Defendant produced a declaration with a spreadsheet attachment relative to Categories 5 & 6 of Schedule A to the Notice of Taking Corporate Representative Deposition, regarding the amount of traffic (in minutes of use, revenue billed, revenue

received/collected) generated by Blitz, and the total amount of traffic (in minutes of use, revenue billed, revenue received/collected) on the Peerless network for the same time period. (See Transcript of 10/14/15 Hearing [Doc. 149], pp. 143-44).

4. However, with respect to Category 5, rather than providing "[t]he amount of traffic, measured in minutes of use ("MOU") and measured in revenue billed, revenue received and/or collected, generated by Blitz on the Peerless networks for each month during the entire term of the IP Control Agreement," Peerless's declaration and spreadsheet refer to "Revenue Billed Estimate" and "Revenue Collected Estimate." (See Exhibit 1, Plaintiffs' Notice Of Taking Deposition Of Peerless's Corporate Representative Pursuant To Fed.R.Civ.P 30(b)(6); and Exhibit 2, spreadsheet produced with respect to Category 5 of Schedule A of the Notice.) Thus, the declaration and spreadsheet are not responsive and violate the stipulation entered into on the record.

5. Moreover, despite requesting clarification, Peerless has not confirmed that any of the figures representing "revenue collected" with respect to either Category 5 or Category 6, include the total amount actually received, not the portions of such payments that Peerless believes were realized because some of the payments may be subject to later repayment or refund or clawback. This makes the declaration and spreadsheet unresponsive.

6. Accordingly, Plaintiffs need to review the documents and other data that was reviewed, summarized or otherwise utilized to prepare the affidavit and spreadsheet to give meaning to the same in advance of the depositions.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel hereby certifies that he made numerous attempts to meet

and confer with counsel for Defendant regarding this issue, but counsel for Defendant reported that no meet and confer could occur because of an inability to contact their client. A meet and confer was requested by the undersigned via email at 11:19 am.[1] At 12:31 pm, counsel for Defendant responded that they would be speaking with their client later and would let the undersigned know when they were available for a meet and confer. At 12:47 pm, the undersigned advised counsel for Defendant that the meet and confer needed to take place as soon as possible. At 1:29 pm, the undersigned again advised counsel for Defendant via email that he was still awaiting a time for the meet and confer. At 2:26 pm, the undersigned requested that the meet and confer occur before 3:30 pm. At 2:38 pm (EST), counsel for Defendant replied that they had reached out to their client and would call for a meet and confer once they heard from their client. At 4:06 pm, the undersigned sent counsel for Defendant an email specifically requesting the relief requested herein and requesting a response by 4:30 pm. At 4:28 pm, counsel for Defendant responded that she could neither agree nor refuse the request for documents as she had been unable to reach her client. With depositions scheduled for Wednesday and Thursday, and a flight scheduled for Tuesday, the undersigned files this statement of position so this matter can be addressed on Friday, November 6, in advance of the depositions. Should counsel for Defendant advise that they acquiesce to the relief requested, the undersigned will immediately so advise the Court.

                                                      */s/ Ernest J. Myers*
                                                      **ERNEST J. MYERS, ESQUIRE**
                                                      Florida Bar No.: 947350

---

[1] All times are EST.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the __5th__ day of __November__, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Henry T. Kelley, Esq. (hkelley@kelleydrye.com), Matthew C. Luzadder, Esq. (mluzadder@kelleydrye.com), Michael R. Dover, Esq. (mdover@kelleydrye.com), KELLEY DRYE & WARREN, LLP, 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606; and Ronnie J. Bitman, Esq. (rbitman@pearsonbitman.com), PEARSON BITMAN, LLP, 485 N. Keller Road, Suite 401, Maitland, FL 32751. I FURTHER CERTIFY that I advised counsel for Defendant to file a similar 1-2 page statement of position on this issue.

*/s/ Ernest J. Myers*
**ERNEST J. MYERS, ESQUIRE**
Florida Bar No.: 947350
Email: emyers@marcusmyerslaw.com
MARCUS & MYERS, P.A.
1515 Park Center Drive, Suite 2G
Orlando, Florida 32835
Tel: 407-447-2550 / Fax: 407-447-2551
Counsel for Plaintiffs, Local Access, LLC
and Blitz Telecom Consulting, LLC