## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| LOCAL ACCESS, LLC and BLITZ TELECOM CONSULTING, LLC, | Civil Action No. 6:14-cv-00399-PGB-TBS |
| *Plaintiffs* | |
| v. | |
| PEERLESS NETWORK, INC. | |
| *Defendant / Counterclaim Plaintiff* | |
| v. | |
| LOCAL ACCESS, LLC | |
| *Counterclaim Defendant.* | |

### RESPONSE TO PLAINTIFFS' STATEMENT OF POSITION

1. Peerless has fully complied with its stipulation to provide documents responsive to Topic Nos. 5 and 6 of Plaintiffs' August 17, 2015 Notice of Deposition to Peerless' Corporate Representative pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiffs filed their Statement mere hours after demanding a meet and confer on the documents, and despite Peerless' request that Plaintiffs give attorneys for Peerless time to confer with their client regarding these issues. *See* Exhibit A. If Plaintiffs had made a good faith effort to confer, which unquestionably requires a reasonable amount of time be provided so that a meaningful conference can happen, they would have learned there is no dispute between the parties, and the information they were seeking about the spreadsheets had been previously discussed at two depositions. The FRCP 30(b)(6) deposition on these two topics is not scheduled to take place for another seven days. There is no reason why Plaintiffs could not have complied

with the federal and local rules so that Peerless could meaningfully respond to their concerns. Plaintiffs should be sanctioned for their repeated wasteful and needless motion practice, in violation of Fed. R. Civ. P. 37 and Local Rule 3.01(g), in the amount of Peerless' attorneys' fees incurred in responding to the Statement of Position.

2. For Topic 5, Peerless produced the amount of traffic, measured in MOUs and measured in revenue billed, revenue received, and/or collected, generated by Blitz on the Peerless network. *See* Exhibit B (Notice of Deposition). Plaintiffs raised a concern that the column heading includes the term "estimated". *See* Exhibit A. This issue was already discussed at length at the prior FRCP 30(b)(6) deposition. As Peerless already testified, for Peerless to provide information on the revenue associated with Blitz traffic (the specific information requested), Peerless has to provide an estimate because when third-parties make payments, they do not directly allocate payments to Blitz telephone numbers. So Peerless can only estimate the revenue associated with Blitz MOUs due to the manner in which Peerless is paid by its customers. *See* Exhibit C (August 27, 2015 Deposition of Peerless at 51:23-53-1). There is no different or more "accurate" information to produce.

3. Topic 6 seeks the same information for all traffic on the Peerless network. Notably, Topics 5 and 6 do not define the term "revenue," yet Plaintiffs filed their Statement seeking confirmation that Peerless provided data using a definition of revenue Plaintiffs have now unilaterally demanded. *See* Exhibit B. First, Peerless never agreed to provide "revenue" information in any way other than as Peerless uses that term in the regular course of business, and Plaintiffs have no standing to seek to compel them to do so now. Regardless, this point is moot because the spreadsheet provided reflects the data as Plaintiffs

have requested it. And once again, Plaintiffs were well aware that this is how Peerless uses the term "revenue," as it was previously testified to in the companion case, *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.,* No. 14-CV-307. *See* Exhibit D (July 1, 2015 Transcript of Douglass B. Lee at 73:20-74:21). Indeed, Plaintiffs' own counsel also asked Peerless' 30(b)(6) witness about the terms in the column headings in the prior deposition in this case. *See* Exhibit C at 58:2-60:10. Plaintiffs have already had the opportunity to question Peerless' witness on the issue on which they now request the Court to intervene.

4. After the filing of Plaintiffs' Statement of Position, counsel for Peerless was able to confer with their client and confirmed that the format of the information produced pursuant to the parties' stipulation was consistent with Peerless' previous testimony. The Court should deny the relief sought in Plaintiffs' Statement of Position and sanction Plaintiffs for their filing in violation of the federal and local rules.

WHEREFORE, Defendant / Counterclaim Plaintiff Peerless Network, LLC hereby requests that the Court enter an Order sanctioning Plaintiffs in the amount of Peerless' attorneys' fees incurred in responding to the Statement of Position, and for such other and further relief as the Court deems just.

Dated: November 5, 2015            /s/ Henry T. Kelly

                 Henry T. Kelly (*pro hac vice admitted*)
                 Matthew C. Luzadder (FL Bar #: 0011286)
                 Michael R. Dover (*pro hac vice admitted*)
                 Constantine Koutsoubas (*pro hac vice admitted*)
                 Catherine E. James (*pro hac vice admitted*)

KELLEY DRYE & WARREN LLP
333 W. Wacker Drive, 26th Floor
Chicago, IL  60606
(312) 857-7070
hkelly@kelleydrye.com
mluzadder@kelleydrye.com
mdover@kelleydrye.com
ckoutsoubas@kelleydrye.com
cjames@kelleydrye.com

Local Counsel:
Mr. Ronnie J Bitman
Pearson Bitman, LLP
Ste. 401
485 N. Keller Rd.
Maitland, FL 32751
(407) 647-0090
rbitman@pearsonbitman.com

*Counsel for Defendant Peerless Network, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that he caused copies of the foregoing **Response to Plaintiffs' Statement of Position** to be served upon all Filing Users via the Court's ECF system on this November 5, 2015

                                              /s/ Henry T. Kelly
                                              Henry T. Kelly