UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC, and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　Case No:   6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

Pending before the Court is the Motion to Seal Exhibits A & B to Plaintiff's Second Statement of Position on Orders and Stipulations of Record at the October 14, 2015 Hearing (Relating to Request for Production Items 23-25) (Doc. 159).   Also before the Court is Defendant's Motion to Redact Transcript and Seal (Doc. 160).   For the reasons that follow, Plaintiffs' motion is **GRANTED**.   Defendant's motion is **GRANTED in part** and **DENIED in part**.

### I. Standard

Middle District of Florida Rule 1.09 requires a party filing a motion to seal to (1) identify and describe each item proposed for sealing; (2) provide the reason why filing each item is necessary; (3) explain the reason why sealing each item is necessary; (4) state why a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the motion to seal; (5) suggest the proposed duration of the seal; and (6) provide a memorandum of law supporting the seal. M.D. FLA. R. 1.09.

In addition to Local Rule 1.09, the law provides that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309. In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access. Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla.

Oct. 28, 2010).   Nevertheless, the parties' agreement to seal court documents "is immaterial" to the public's right of access.   Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

## II. Discussion

Plaintiffs seek to file Exhibits A and B to Doc. 158 under seal (Doc. 159).   The motion is unopposed, and Plaintiffs represent that the exhibits contain business information that has been designated as "Confidential" pursuant to the protective order in this case.   The documents identify a customer of Peerless and information related to Peerless' bills, invoices, and collections for prepaid calling card customers (Doc. 159, p. 2).

Defendant seeks to redact a portion of the transcript from the October 14, 2015 motion hearing and to seal Plaintiffs' Exhibit 19 that was tendered at the hearing.   This motion is also unopposed, and Defendant represents that the information sought to be redacted and sealed is proprietary information about the use on Peerless' network and confidential contract negotiations, all of which has been designated "Confidential" pursuant to the protective order in this case (Doc. 160, pp. 1-2).   The Court has permitted much of this information to be sealed in previous filings (Doc. 148).

At this stage of the litigation, the parties' interests in the privacy of their financial information outweigh the public's right of access.   Accordingly, Plaintiffs' motion to file Exhibits A and B to Doc. 158 under seal (Doc. 159) is **GRANTED**.   Plaintiffs are **ORDERED** to file Exhibits A and B to Doc. 158 under seal within ten (10) days.   The Clerk shall maintain the documents under seal until the earlier of: (1) an order unsealing the documents; (2) one year from the date of this Order; or (3) the conclusion of the case, including any appeals.   Prior to the expiration of the seal, any party may file a motion to

extend the seal of any or all of these documents. Plaintiffs are **ORDERED** to file redacted copies of Exhibits A and B to Doc. 158 within ten (10) days.

Defendant's motion to redact the October 14, 2015 hearing transcript is **GRANTED**. The Clerk is directed to redact the numbers cited in Line 7 on Page 15 of Doc. 149. Because the exhibits tendered at the October 14, 2015 hearing were not docketed, Defendant's motion to seal Plaintiff's exhibit 19 tendered at the hearing is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record