UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC, *et al.*,

      Plaintiffs,

v.                                                                  Case No:   6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

      Defendant.
_____

## ORDER

This action arises out of a dispute between Plaintiffs Local Access, LLC and Blitz

Telecom Consulting, LLC, and Defendant Peerless Network, Inc., over the planned sale

of Blitz to one of Peerless' competitors.   On August 17, 2015, Plaintiffs noticed the

deposition of Peerless' corporate representative pursuant to FED. R. CIV. P. 30(b)(6) to

appear for a deposition on August 27, 2015 (Doc. 166-1).   The notice lists 52 topics of

inquiry including:

> 5. The amount of traffic, measured in minutes of use ("MOU") and
> measured in revenue billed, revenue received and/or collected, generated
> by Blitz on the Peerless networks for each month during the entire term of
> the IP Control Agreement that is attached to Peerless's Answer and
> Counterclaim as Exhibit 1.
>
> 6. The total amount of traffic, measured in MOU and revenue billed,
> revenue received and/or collected on the Peerless networks for each month
> during the entire term of the IP Control Agreement that is attached to
> Peerless's Answer and Counterclaim as Exhibit 1.

(Id. at p. 3).

Peerless objected to the deposition which nevertheless went forward on August

27, 2015.   At the deposition the parties were unable to agree on, *inter alia*, the scope of

topics 5 and 6.   Plaintiffs filed a Motion to Compel Corporate Representative Deposition

of Defendant Following Discovery Deadline on August 27, 2015 (Doc. 80), and a

supplemental motion to compel on September 1, 2015 (Doc. 94).   The Court held a

hearing on the motions on October 14, 2015 (Doc. 149).   During the more than six hour

hearing, the parties came to an agreement on topics five and six which they placed on the

record:

> As it relates to the motion to compel additional testimony for the corporate
> representative, we have a stipulation.   As it relates to Requests 5 and 6,
> Peerless Network will within two weeks provide us with an affidavit and
> hopefully sufficient to give us information that would satisfy our Request
> Nos. 5 and 6.
>
> Should we not be satisfied with the content of the affidavit, Peerless will
> provide its chief financial officer, Douglas Lee, for testimony at a deposition
> to be scheduled at the time that reconvene the depositions anyway to take
> the depositions of two witnesses who were unavailable otherwise when we
> did take the depositions back in September.

(Doc. 149, p. 143).

Peerless provided Plaintiffs with a declaration and spreadsheet containing

information on monthly minutes of use, collections, and revenue (Doc 174-1).   Plaintiffs

were not satisfied with the content of the declaration and elected to proceed with the

deposition of Lee.

On November 6, 2015, the Court held a telephonic discovery hearing at Plaintiffs'

request (Id.).   Plaintiffs were concerned about the numbers in Peerless' spreadsheet,

and wanted the documents Peerless relied on to create the spreadsheet to verify the

calculations.   Plaintiffs anticipated that Lee would not be able to respond to questions at

the deposition about the numbers backing up the spreadsheet, and they anticipated that

Lee would say he was not asked to bring supporting documents to the deposition.   The

Court found that the hearing was premature, did not order any relief for any party, and

noted that the parties could call from the deposition if necessary (Id. at pp. 14-15).

Lee appeared for deposition on November 12, 2015.   He did not bring any documents with him, but he testified that he could explain his methodology in compiling the spreadsheet (Docs. 166-3, 174-2).   Plaintiffs wanted the "numbers backing up the numbers that are on the spreadsheet" so that they could determine "how they are being calculated, what dollars came in the door, what reductions were made to them, [and] what percentages were multiplied by them."   (Doc. 174-2, pp. 5-6).   When Lee was unable to provide this information, the parties called the Court from the deposition.   After hearing argument, the Court ruled that "Peerless does not have to produce the backup because that issue should have been addressed either in the stipulation placed on the record on October the 14th or the issue should have been argued so that the court would have had the opportunity to decide the issue before today."   (Id. at p. 17).   Plaintiffs filed objections to that order on November 26, 2015 (Doc. 165).

The case is now before the Court on Plaintiffs' Renewed Motion to Compel Corporate Representative Deposition Following Discovery Deadline (Doc. 166), which was also filed on November 26, 2015.   Plaintiffs argue that "Peerless did not provide a witness to provide testimony on the precise issues articulated for topics 5 and 6 of Schedule A to the notice of taking corporate representative deposition" because their witness "could not testify as to the facts that were used to generate the [spreadsheet]." (Id. at pp. 15-16).   Plaintiffs seek to compel a corporate designee for deposition on topics 5 and 6 and "[a]ll backup documentation supporting the amounts reflected on the spreadsheets …."   (Id. at pp. 20-21).   Peerless opposes the motion (Doc. 174).

Deposition topics five and six ask for "amounts of traffic" and the "total amount of traffic" measured in minutes of use and "measured in revenue billed, revenue received and/or collected."   (Doc. 166-1).   The parties' October 14, 2015 agreement provides

only for Peerless to produce "an affidavit" and for Lee to be produced for deposition if Plaintiffs were not satisfied with the content of the affidavit (Doc. 149, p. 143).   Peerless produced a spreadsheet and affidavit that includes the monthly amounts for minutes of use, revenue billed estimate, revenue collected estimate, revenue, and revenue collected (Doc. 166-2).   Plaintiffs now seek the "backup documentation supporting the amounts reflected on the spreadsheets," but their original deposition notice did not include a request for documents and Plaintiffs have not pointed to any other discovery request for the documents they now seek (Doc. 166-1).   Consequently, the Court finds that Plaintiffs' current motion is an attempt to expand the scope of topics five and six.

The same day Plaintiffs filed the instant motion they also filed objections to the November 12, 2015 Order.   Plaintiffs' objections raise many, if not all, of the same arguments that are presented in the pending motion, and a substantial portion of this motion appears to have been copied and pasted from the objections (or vice versa).   See Docs. 165, pp. 7-17; 166, pp. 5-15, 17-18.   Because the District Judge has Plaintiffs' objections under advisement and any ruling here would risk inconsistent outcomes, I find Plaintiffs' current motion to be improper.   For these reasons, Plaintiffs' motion to compel (Doc. 166) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 18, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record