**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

      Plaintiffs,

v.                               Case No:  6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

      Defendant/Counter-Plaintiff,

v.

LOCAL ACCESS, LLC,

      Counter-Defendant.

_____

## <u>ORDER</u>

This cause comes before the Court on Defendant's Motion to Certify Interlocutory Appeal (Doc. 258), filed October 6, 2016.   Plaintiffs responded in opposition on October 17, 2016.  (Doc. 259).  Upon consideration, Defendant's motion will be denied.

## I.   BACKGROUND

This dispute arises out of the deteriorated business relationship of Plaintiffs, Local Access, LLC ("Local Access") and Blitz Telecom Consulting, LLC ("Blitz"), and Defendant, Peerless Network, Inc. ("Peerless").  Blitz sues Peerless for tortiously interfering with a pending deal for Blitz to sell certain assets to one of Peerless's competitors and for fraudulently inducing it to make a business decision it never would have made but for certain promises made by Peerless.  Local Access sues Peerless for breaching a contract and for fraudulently inducing it to enter into the contract in the first place.  Relevant to this

Order, Peerless moved for summary judgment against all of Plaintiffs' claims, which the Court subsequently denied.  Peerless now moves for leave to pursue an interlocutory review of the Court's order denying Peerless's motion for summary judgment.  Peerless specifically asks the Court to certify a legal question on Local Access's breach of contract claim for immediate appellate review.

## II.   DISCUSSION

The Court begins by noting that its decision to deny Peerless's motion for summary judgment is a non-final decision which is ordinarily not subject to immediate appellate review.  *See CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1285 (11th Cir. 1998) (per curiam).  However, there are certain limited exceptions to the finality requirement which may permit interlocutory review of a non-final order.  One such exception is found in 28 U.S.C. § 1292(b), which permits a district court to certify an interlocutory order for appeal where the order "(1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Harris v. Luckey*, 918 F.2d 888, 892 (11th Cir. 1990).  The certification of an interlocutory appeal is an exceptional remedy, and the party moving for certification bears the heavy burden of demonstrating that immediate appellate review is appropriate.  *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).

The Court finds that certification of an interlocutory appeal is unwarranted in this case because there is no substantial ground for difference of opinion on the controlling question of law which Peerless asks the Court to certify.  A substantial ground for difference of opinion may arise where the controlling question of law is difficult and of first

impression, a difference of opinion exists on the question among the courts within the controlling circuit, or the circuits are split on the question. *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015). Conversely, a party's disagreement with how a district court applied or adjudicated the disputed question of law is insufficient to amount to a substantial difference of opinion. *See McFarlin*, 381 F.3d at 1259 ("The antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case.").

Here, Peerless takes issue with the Court's finding on summary judgment that a noncompetition agreement contained within a contract between Peerless and Local Access is enforceable under Illinois law.[1] Peerless correctly cites the controlling law that noncompetition agreements are only permitted in contexts where the agreement serves a protectable interest recognized under Illinois law. Peerless then argues that Illinois courts recognize only three situations where such a protectable interest arises: employment contracts, joint partnerships, and contracts for the sale of a business. Since the contract between Peerless and Local Access does not fall directly within any of these contexts, Peerless concludes that the Court's decision was either incorrect or expanded the scope of Illinois law regarding the types of interests which may be protected by a noncompetition agreement.

---

[1]    Due to a choice of law provision in the contract, the Court applies Illinois law to Local Access's breach of contract claim against Peerless.

To the extent Peerless contends that the Court misapplied Illinois law in finding the noncompetition agreement enforceable, Peerless's position is not enough to amount to a substantial difference of opinion.  *See McFarlin*, 381 F.3d at 1259.

To the extent Peerless believes the Court has pioneered new ground in the area if Illinois noncompetition law, Peerless is mistaken.  As explained in the Court's Order resolving Peerless's motion for reconsideration, Illinois courts and courts applying Illinois law have historically enforced noncompetition agreements in a wide range of business dealings outside the contexts of employment contracts, joint partnerships, or contracts for the sale of a business.  *See, e.g.*, *Liautaud v. Liautaud*, 221 F.3d 981, 986 (7th Cir. 2000) (observing that any "valid transaction may support a covenant not to compete" under Illinois law, and enforcing a noncompetition agreement made as a condition for one party gifting his trade secrets to another); *McDonald's Sys., Inc. v. Sandy's Inc.*, 195 N.E.2d 22, 31 (Ill. App. Ct. 1963) (enforcing noncompetition agreement contained within franchise contract); *Am. Sand & Gravel Co. v. Chi. Gravel Co.*, 184 Ill. App. 509, 525 (Ill. App. Ct. 1914) (enforcing noncompetition agreement contained within exclusivity contract); *cf. Owens Trophies, Inc. v. Bluestone Designs & Creations, Inc.*, No. 12 C 7670, 2014 WL 5858261, at *4 n.5 (N.D. Ill. Nov. 12, 2014) (noting that "the employer-employee and sale of a business frameworks are not the only categories of non-competition agreements"). Accordingly, Illinois law directly supports the enforceability of the noncompetition agreement in this case, which the Court has found to protect Local Access's legitimate interest in the success of its company.  *See Cent. Water Works Supply, Inc. v. Fisher*, 608 N.E.2d 618, 623 (Ill. App. Ct. 1993) (finding the success of a company to be a legitimate business interest protectable under Illinois law by a noncompetition

agreement).  There is consequently no substantial ground for difference of opinion on the question Peerless asks this Court to certify.

**III.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Certify Interlocutory Appeal (Doc. 258) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 29, 2016.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record