**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                                        Case No: 6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant/Counter-Plaintiff,

v.

LOCAL ACCESS, LLC,

    Counter-Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion for Sanctions (Doc. 265), filed November 18, 2016. On December 9, 2016, Plaintiffs responded in opposition. (Doc. 276). Upon consideration, and with the benefit of oral argument,[1] the Court will grant Defendant's Motion for Sanctions.

**I.    BACKGROUND**

This lawsuit involves a contractual dispute between Plaintiffs, Blitz Telecom Consulting, LLC ("Blitz") and Local Access, LLC ("Local Access"), and Defendant Peerless Network, Inc. ("Peerless"). Local Access accuses Peerless of breaching a noncompetition agreement contained within a contract the parties executed. That noncompetition agreement provides as follows:

---

[1]    On February 24, 2017, the Court held a day-long hearing to address a number of pending motions in this case, including the instant Motion for Sanctions.

1

> 7.1 Peerless – Peerless will assign or refer all Prepaid Calling Card Clients, now or at anytime [sic] during the term, that desire to purchase Local Origination Services to [Local Access]. [Local Access] will be the sole and exclusive provider of Local Origination Services to all Prepaid Calling Card business through Peerless. [Local Access] shall have the sole authority to negotiate pricing and terms with Prepaid Calling Card clients.
>
> 7.2 [Local Access] – All traffic placed by Prepaid Calling Card clients with [Local Access] that falls within the Peerless network footprint will be provisioned by [Local Access] on the Peerless network. This includes any Prepaid Calling Card clients that contract with [Local Access] whether or not Peerless refers them to [Local Access]. Additionally, [Local Access] will refer all clients seeking transit services to Peerless and [Local Access] will not enter the Transit Service market within the Peerless network footprint during the term of this Agreement. Peerless will be the sole and exclusive provider of Transit Services in the Peerless footprint.

(Doc. 124-11). Local Access alleges that Peerless breached the noncompetition agreement by failing to assign or refer the pertinent prepaid calling card clients to Local Access, by providing local origination services to prepaid calling card companies, and by negotiating pricing and terms with those companies.[2]

Peerless now moves to sanction Local Access pursuant to Federal Rule of Civil Procedure 37 for Local Access's failure to provide an initial damages disclosure as required by Rule 26. Specifically, Peerless asks the Court to bar Local Access from presenting at trial evidence of damages flowing from Peerless's alleged breach of the noncompetition agreement.

---

[2] Local Access also claims that Peerless fraudulently induced it to enter into the contract in the first place.

2

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(a)(1) requires all parties to provide certain initial disclosures to their opponents early in the proceedings.  Important to this Order, a party must provide "a computation of each category of damages claimed" and must "make available for inspection and copying . . . the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).  Following this initial disclosure, the disclosing party has a continuing duty to supplement and correct its damages computation, including to update the materials on which the party relies in assessing its damages.  *See* Fed. R. Civ. P. 26(e).

A party who fails to provide an initial disclosure as required by Rule 26 "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a failure to disclose is substantially justified or harmless, the court considers a number of factors, including (1) the nondisclosing party's explanation for its failure, (2) the importance of the undisclosed information to the case, and (3) any prejudice or surprise to the opposing party. *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008).  The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

## III. DISCUSSION

Local Access concedes that it never provided Peerless with the initial damages disclosure required by Rule 26(a)(1)(A)(iii). Local Access must therefore demonstrate that its failure is substantially justified or harmless in order to avoid sanctions.[3]

Before reaching Local Access's purported reasons for not providing an initial damages disclosure, however, the Court finds it worthwhile to first recount Local Access's pursuit of damages in this case. In the Amended Complaint, Local Access alleges that "[t]he amount in controversy exceeds 35 Million dollars ($35,000,000.00) exclusive of interest, costs, and attorneys' fees." (Doc. 4, ¶ 2). Local Access further claims that Peerless promised, but ultimately failed, to "migrate" 13,000,000 to 20,000,000 minutes of traffic per day as part of the contract at issue in this case, (*id.* ¶¶ 24(h), 31), and that Peerless continued to bill customers for other fees, "including DS0 ports, DIDs, and circuits," (*id.* ¶ 37). Notwithstanding these allegations, Local Access failed to disclose its basis for calculating the $35 million in damages claimed by the Court's January 5, 2015 deadline. In a good faith attempt to obtain Local Access's initial damages disclosure despite the passing of the Court's deadline, counsel for Peerless emailed counsel for Local Access on April 28, and May 4, 2015 requesting the disclosures, but Local Access still did not comply. (Doc. 265-2).

Instead, the first time Local Access provided information on the amount it is claiming and how these damages are calculated occurred during the deposition of Mr. Robert Russell, Local Access's corporate representative, which occurred on August 21, 2015, approximately ten days prior to the close of discovery. (Doc. 265, p. 5). The notice

---

[3] At the February 24th hearing, the Court asked counsel for Local Access if Local Access had identified the basis for its damages calculation pursuant to Rule 26. Counsel for Local Access admitted that this was never done.

of deposition governing Mr. Russell required Local Access to produce one or more corporate representatives who were competent to provide a detailed computation of damages sought by Local Access, including all documents and information used to calculate such damages. (Doc. 265-3, p. 13). At his deposition, however, Mr. Russell merely produced a two-page "Damages Summary," dated August 20, 2015. (Doc. 265-5). While the document speaks for itself, the Court notes that the first category of alleged damages seeks $7.17 million, although it fails to identify how this number is calculated. (*Id.*). It is also noteworthy that Local Access failed to produce the documents utilized in determining this number. The second category of damages alleges $2.5 million in damages for DS0 Port Billing with the notation "DID billing Amount – **TBD** need Peerless discovery." (*Id.*) (emphasis in original). Although the category explains that these damages are calculated by multiplying 20 DS3s by $4,000 per DS3 over 25 months, Local Access again produced no documents to support these numbers. (*See id.*). The third category of $12.4 million in damages also contains a notation that it must be revised when Peerless "produces more data." (*Id.*). The ninth category of damages seeking unspecified compensation for Local Access Intercarrier Compensation similarly contains the notation "Need Peerless's Discovery to finish calculations." (*Id.*). In addition to being untimely, these damages calculations clearly fail to comply with Rule 26(a)(1)(A)(iii)'s requirements.

      Moreover, Mr. Russell lacked sufficient knowledge in many respects to articulate at his deposition how the claimed damages had been calculated. For example, the second category of damages (DID billing) provides a unit price of $4,000 per DS3. (Doc. 265-5). When asked how he arrived at the $4,000 unit price, Mr. Russell replied, "I'm not exactly sure right now, but I will find out where that came from exactly." (Doc. 265-6, 28:24–29:4). When asked the prices Local Access charges for DS0s, Mr.

Russell stated, "It could be from $3 to $10 a port. It could be higher than that actually, but that would be where I assumed—I don't want to assume. That's what I think." (*Id.* at 29:23–30:5). And when asked how many DS0s were sold during a given period, Mr. Russell confessed: "I have no idea." (*Id.* at 30:6–10). No party could reasonably be expected to defend against a $35,000,000 damages claim based on the type of testimony Mr. Russell's provided at his deposition.

On July 20, 2015, Peerless propounded interrogatories on Local Access and asked Local Access to provide "[a] computation of each category of damages that Local Access contends it is entitled to, including an identification of each document or other evidentiary material Local Access intends to rely upon to support its computation of damages." (Doc. 265-4). The same day, Peerless propounded an identical interrogatory on Blitz. (*Id.*). On August 24, 2015, three days after Mr. Russell's deposition, Local Access and Blitz answered the interrogatories—after numerous objections—by attaching a damages calculation chart mirroring Mr. Russell's calculations and by identifying the following documents used to create the calculations:

> Local Access relied on the documents Peerless Networks [sic] has produced, the documents Local Access has produced, the documents Blitz Telecom Consulting has produced, the documents Peerless Networks [sic] has produced with respect to their expert, the deposition transcripts, publically available documents reflecting the market rates for pricing of DS0s and DIDs, confidential rate sheets related to market rates for pricing, and confidential invoices prepared by Blitz.

(Doc. 265-7, p. 10). Peerless argued at the February 24th hearing that Plaintiffs' answer essentially identifies more than 77,000 documents in support of their damages calculations, and Local Access did not dispute this representation. This type of document-dump is precisely what Rule 26 was designed to prevent.

6

In sum, although Local Access finally disclosed at the twilight of discovery the numbers it would seek at trial, Local Access never informed Peerless how it computed those numbers and never identified the precise documents and information on which its damages are based.

As stated previously, Local Access concedes that it failed to provide an initial damages disclosure as required by Rule 26(a)(1)(A)(iii) and must therefore demonstrate that its failure is substantially justified or harmless in order to avoid sanctions. In defense of its actions, Local Access goes to great lengths to describe the obstacles it faced in trying to determine the extent of its damages. Local Access complains that Peerless objected to certain discovery requests which would have provided the data necessary for Local Access to calculate damages. Local Access also takes the position that, notwithstanding its discovery objections, Peerless has always possessed the information needed to know the amount of damages Local Access seeks to recover in this lawsuit. Further, Local Access shows that it has since provided Peerless with the methodology it intends to use at trial to calculate damages and continues to update Peerless on the value of damages allegedly incurred. As a result, Local Access reasons that Peerless is not surprised or prejudiced by its failure to provide the required initial damages disclosure.

The Court finds Local Access's arguments unavailing. To begin, Local Access provides no explanation justifying its wholesale failure to provide an initial damages disclosure by the Court's January 5, 2015 deadline. Further, Local Access essentially ignored emails from Peerless's counsel seeking the disclosures. And while Local Access makes much ado about the problems it faced obtaining information from Peerless during

discovery,[4] these problems do not serve as a reason for not providing initial disclosures in the first place. Without an explanation, the Court cannot find that Local Access was substantially justified in not providing Peerless with an initial damages disclosure.

The Court similarly cannot conclude that Local Access's failure was harmless. It was not until August 21, 2015—approximately ten days before the close of discovery—that Local Access finally revealed to Peerless the damages it seeks to recover at trial. As a result, Peerless had no meaningful opportunity to conduct discovery on the issue of Local Access's damages. Moreover, the disclosure Local Access did provide at this late date was entirely inadequate. Local Access produced a two-page damages summary that provided mere conclusions on how damages were derived and which lacked adequate documentary support for the calculations. Additionally, Local Access offered a corporate representative who had "no idea" how many of Local Access's damages were determined, and they pointed to over 77,000 possible documents which might support its claim for damages. Local Access essentially provided Peerless no meaningful way to assess Local Access's accounting of damages. In short, Local Access's failure to provide

---

[4] Specifically, in defense of its nondisclosure, Local Access argued at the February 24th hearing that it attempted to obtain documents from Peerless that were necessary to create a damages calculation. Although discovery closed on September 1, 2015, Local Access waited until that day to file a motion to compel production of documents against Peerless relating to a request for production which had been pending since February 23, 2015. As the Court observed at the February 24th hearing, the motion to compel should have been resolved prior to the close of discovery, especially in circumstances where the underlying discovery request was propounded seven months prior. Local Access's argument that it was misled by Peerless's "rolling production" of documents is similarly unconvincing. Local Access was aware of its obligation to support its $35,000,000 damages claim and was aware of the discovery cut-off date. The looming deadline should have motivated Local Access to seek judicial intervention well before the last day to do so. Perhaps most importantly, however, Local Access's failure to pursue its discovery requests does not justify withholding the initial damages disclosure required by Rule 26. The burden to calculate damages and to provide access to the underlying documentation always rested on Local Access, not Peerless.

an initial damages disclosure, coupled with an eleventh-hour production which failed to articulate how Local Access calculates its damages, has prevented Peerless from defending against Local Access's breach of contract claim. Finally, Local Access revised its damages calculation after the close of discovery, significantly impairing Peerless's ability to challenge the accuracy of the revised computations. There is no doubt Peerless is immensely prejudiced as a result.

As a final consideration, the Court does not find that the importance of Local Access's damages to its case sufficiently militates against imposing the sanction Peerless requests. To be sure, damages are a vital element to Local Access's breach of contract claim. However, Peerless's right to defend against that claim is just as important as Local Access's right to prosecute it. Local Access, not Peerless, should therefore bear the consequences of Local Access's failure to provide the initial damages disclosure required by Rule 26.

## IV.   CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Sanctions (Doc. 265) is **GRANTED**. Plaintiff, Local Access, LLC, is barred from presenting evidence at trial relating to damages it incurred due to Defendant's alleged breach of the contract at issue in this case.

**DONE AND ORDERED** in Orlando, Florida on March 1, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

9