UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                              Case No:  6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant/Counter-Plaintiff,

v.

LOCAL ACCESS, LLC,

    Counter-Defendant.

## ORDER

This cause comes before the Court on Plaintiffs' Amended Motion for Reconsideration of Orders Granting Sanctions and Expressing Intent to Grant Summary Judgment, or in the Alternative, Requesting Leave to Amend Complaint (Doc. 313), filed March 9, 2017, and Plaintiffs' Response to March 1, 2017 Order (Doc. 306), filed March 8, 2017.  The Court does not require the benefit of Defendant's response to duly consider either Plaintiffs' motion or their response.  Plaintiffs' motion for reconsideration and alternative motion for leave to amend complaint will be denied.  The Court will additionally enter summary judgment in favor of Defendant on Count I of the Amended Complaint.

**I.**    **BACKGROUND**

Because the Court writes for the parties, the Court assumes that the parties are familiar with the underlying facts of this case.  Pertinent to this Order, on March 1, 2017, the Court granted Defendant, Peerless Network, Inc.'s ("Peerless"), motion for sanctions

1

and sanctioned Plaintiff, Local Access, LLC ("Local Access"), pursuant to Federal Rule of Civil Procedure 37(c) for Local Access's failure to provide an initial damages disclosure as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  As the sanction, the Court barred Local Access from presenting evidence at trial relating to damages it incurred due to Peerless's alleged breach of a contract.  As a result of this sanction, the Court observed that Local Access could not prevail as a matter of law on Count I of the Amended Complaint—which asserts a claim for breach of contract under Illinois law—as damages are an essential element to proving an Illinois breach of contract claim.  The Court therefore notified Local Access pursuant to Federal Rule of Civil Procedure 56(f)(3) that it intended to enter summary judgment in favor of Peerless on Count I and gave Local Access an opportunity to explain why summary judgment should not be entered.

Local Access now moves the Court to reconsider its imposition of sanctions or, in the alternative, for leave to amend its Amended Complaint in order to state a claim for declaratory judgment.  Also before the Court is Local Access's response to the Court's Rule 56(f) Order.

## II.     DISCUSSION

### A.     Motion for Reconsideration

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice.  *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).  The party moving for reconsideration ultimately must set forth "strongly convincing" reasons for the

Court to change its prior decision. *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511-T-33TBM, 2013 WL 4055851, at *1 (M.D. Fla. Aug. 12, 2013).

Local Access moves the Court to reconsider its imposition of sanctions in order to correct clear error or manifest injustice. First, Local Access contends that the Court erred when it sanctioned Local Access, saying that "the Court focused exclusively on the insufficiency of the information that Local Access provided to Peerless during the discovery period." (Doc. 313, p. 6). However, it appears that Local Access has misread the Court's sanctions order. The Court did not sanction Local Access for failing to provide sufficient damages information during discovery, but rather for Local Access's "wholesale failure" to provide an initial damages disclosure at all, in contravention of both Rule 26(a)(1)(A)(iii) and this Court's Case Management and Scheduling Order. (Doc. 302, p. 7). The reason the Court detailed Local Access's haphazard damages disclosures on the eve of the discovery cut-off was to demonstrate that Local Access's failure to provide initial disclosures several months earlier was neither substantially justified nor harmless under Rule 37(c). And nothing in Local Access's amended motion for reconsideration informs the Court differently.

With this clarity, it is easy to see that Local Access's heavy reliance on *Assaf v. Trinity Medical Center*, 696 F.3d 681 (7th Cir. 2012) is misplaced. In *Assaf*, the Seventh Circuit reversed a district court's decision to exclude certain of the plaintiff's damages as a sanction for failing to provide an adequate estimate of those damages during discovery. *Id.* at 686–87. However, the issue in *Assaf* was never whether the plaintiff failed to provide the initial damages disclosure required by Rule 26(a)(1)(A)(iii), but whether the plaintiff failed to provide an adequate pretrial damages disclosure as required by Rule

26(a)(3).[1] *Id.* at 686. In fact, a review of the district court's docket in *Assaf* reveals that the plaintiff **did** provide the initial damages disclosure demanded by Rule 26(a)(1)(A)(iii). *See Bassam Assaf, M.D. v. Trinity Medical Center*, No. 4:10-cv-4021-JES, Doc. 25-1 (C.D. Ill. Sept. 8, 2011). The defendant in *Assaf* therefore knew at the very beginning of the lawsuit the exact types of damages the plaintiff was seeking, estimates of those damages, and how those damages had been calculated, thus resulting in no prejudice to the defendant. *See Assaf*, 696 F.3d at 687. In contrast, aside from Local Access's $35 million demand contained within the Amended Complaint, Local Access provided absolutely no information to Peerless concerning its damages until ten days before the close of discovery. As explained in the Court's sanctions order, this has caused immense prejudice to Peerless in its defense of this case, including inhibiting Peerless from conducting meaningful discovery on the issue of Local Access's damages and preventing Peerless from assessing the value of this case during any settlement negotiations. The Court will therefore not reconsider the imposition of sanctions against Local Access.

Local Access also asks the Court to reconsider the sanction imposed, arguing that the exclusion of damages is too severe of a sanction in this particular case. Local Access contends that it will be severely prejudiced should exclusion of its contract damages stand, as Peerless will ultimately prevail on Local Access's breach of contract claim without a finder of fact ever reaching the merits. As an alternative lesser sanction, Local Access proposes that it be barred from presenting only a portion of its damages or that

---

[1] Rule 26(a)(1)(A)(iii) requires the parties to provide certain initial disclosures at the beginning of the proceedings, while Rule 26(a)(3) requires the parties to provide updated disclosures no later than thirty days prior to the start of trial.

the Court re-open discovery for Peerless to re-depose Local Access's corporate representative at Local Access's cost.

For a party's failure to comply with Rule 26's initial disclosure requirements, Rule 37(c)(1) identifies exclusion as the sanction warranted.  Notwithstanding, Rule 37(c)(1) goes on to explain that a court can exercise its discretion to impose additional sanctions or a different sanction in lieu of exclusion.  *See* Fed. R. Civ. P. 37(c)(1)(A)–(C); *Collins v. United States*, No. 3:08-cv-923-J-32JRK, 2010 WL 4643279, at *5 n.7 (M.D. Fla. Nov. 9, 2010) (noting that "[t]he evidentiary exclusion sanction is not necessarily 'automatic,' even in the absence of substantial justification and harmlessness").  A court's decision on the type of sanction to be imposed should be informed by the particular circumstances of the case, and the court should consider (1) the disobedient party's reason for not complying with Rule 26's disclosure requirements, (2) the importance of the information to be excluded, (3) prejudice to the opposing party due to the nondisclosure, including the opposing party's ability or inability to respond to the evidence should it not be excluded, and (4) the court's ability to ameliorate the opposing party's prejudice through a lesser sanction.  *See United States v. McCarthy Improvement Co.*, No. 3:14-cv-919-J-PDB, 2017 WL 443486, at *6 (M.D. Fla. Feb. 1, 2017).  While exclusion of evidence is one of the more severe types of sanctions, it may be warranted in cases where a party's failure to comply with Rule 26's disclosure requirements deprives the opposing party of any opportunity to test the evidence prior to trial.  *See id.*  On the other hand, exclusion may be inappropriate if the opposing party has been provided with other materially similar evidence during the course of discovery.  *See id.* at *7.

Local Access's failure in this case warrants the exclusion sanction. This is not a case where Local Access provided a late initial damages disclosure; Local Access provided no initial damages disclosure at all. Further, Peerless's counsel requested Local Access's initial damages disclosure at least twice early in discovery, but Local Access still did not comply.[2] In short, Local Access has no reason for never providing Peerless with an initial damages disclosure. Additionally, while Local Access emphasizes the importance of its damages to its breach of contract claim, Local Access omits the equal importance of its damages to Peerless's defense of that claim. Local Access engaged in unfair gamesmanship by withholding all information relating to a crucial element of its claim, and Peerless was left in the dark until ten days prior to the close of discovery. As a result, Peerless has suffered immense prejudice in its defense of Local Access's contract claim. Finally, a lesser sanction would not adequately punish Local Access's malfeasance. Allowing Local Access to present any of its contract damages at trial would subject Peerless to a possible multimillion-dollar verdict without ever having an opportunity to test Local Access's damages through discovery. And with the trial of this three-year-old case scheduled to begin in three weeks, the prospect of re-opening discovery—even at Local Access's cost—is unmanageable. The only fair and appropriate sanction in this case is the exclusion of Local Access's contract damages.[3]

---

[2] In fact, in the emails provided in support of Peerless's motion for sanctions, counsel for Local Access promised to provide its initial damages disclosure in response to Peerless's first email request, but failed to do so. When counsel for Peerless inquired a second time, Local Access's counsel never responded. (Doc. 265-2).

[3] The Court notes that the potential entry of summary judgment in favor of Peerless on Local Access's breach of contract claim, while a result of the Court's sanction against Local Access, is not itself a part of the sanction. The Court additionally notes that the sanction against Local Access does not apply to Local Access's fraudulent inducement claim against Peerless.

### B.     Alternative Motion for Leave to Amend Complaint

Local Access also requests, in the present circumstance where the Court does not reconsider the sanction imposed, leave to amend its Amended Complaint in order to assert a declaratory judgment claim.  Local Access submits that such an amendment would be necessary so Local Access could obtain a legal determination of the parties' rights and obligations relative to the contract in dispute.

As the parties know, the time for amending pleadings passed long ago.  Local Access must therefore satisfy Rule 16(b)(4)'s "good cause" standard before the Court can turn to Rule 15(a)(2)'s pretrial amendment of pleadings standard.  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).  Rule 16's good cause standard is a rigorous one, and requires Local Access to show that it has acted diligently in pursuing the amendment it seeks.  *Id.* at 1418.  Whether Local Access's request is made in good faith or whether Local Access will suffer prejudice should amendment not be allowed are irrelevant.  *See Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 812 (11th Cir. 2015) (per curiam), *cert. denied*, 136 S. Ct. 502 (2015).  If Local Access cannot demonstrate its diligence in seeking amendment, the Court's inquiry ends.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Local Access ultimately makes no argument as to Rule 16's good cause requirement, relying exclusively on the standard for the pretrial amendment of pleadings under Rule 15.  Moreover, the argument Local Access makes under Rule 15 contradicts any assertion of diligence Local Access could have offered.  Local Access states that it and Peerless have consistently disputed their contractual rights and obligations ever since Local Access initiated this lawsuit on March 12, 2014.  Notwithstanding, Local

Access waited until three years later to first mention its desire to bring a declaratory judgment claim relating to the same contract. Local Access cannot say with any degree of sincerity that it has acted diligently in its pursuit of amendment. As a result, Local Access's alternative motion for leave to amend its Amended Complaint will be denied.

### C. Local Access's Response to Summary Judgment Order

As a final matter, the Court addresses Local Access's response to the Court's March 1, 2017 Order expressing the intent to enter summary judgment in favor of Peerless on Local Access's breach of contract claim in light of the Court's exclusion of Local Access's damages as a sanction for its failure to provide an initial damages disclosure. Local Access concedes that, if the Court's sanction stands, Peerless would be entitled to summary judgment. That being the case, the Court will accordingly enter summary judgment in favor of Peerless on Count I of the Amended Complaint.

### III. CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs' Amended Motion for Reconsideration of Orders Granting Sanctions and Expressing Intent to Grant Summary Judgment, or in the Alternative, Requesting Leave to Amend Complaint (Doc. 313) is **DENIED**. Summary Judgment is **GRANTED** to Defendant, Peerless Network, Inc., on Count I of the Amended Complaint.

**DONE AND ORDERED** in Orlando, Florida on March 10, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record