UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                      Case No: 6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on the following motions:

- Peerless Network, Inc.'s Motion to Seal Motion to Reopen the Case and for Further Proceedings or in the Alternative Dismiss with Prejudice and Supporting Exhibits (Doc. 339);

- Plaintiffs' Unopposed Motion to Seal Pursuant to Court Order their Motion to Enforce Settlement and Some of the Exhibits Thereto (Doc. 341); and

- Peerless Network, Inc.'s Unopposed Motion to Seal Motion for Sanctions and Supporting Exhibits (Doc. 344).

Plaintiff, Local Access, LLC and Defendant, Peerless Network, Inc. provide local telephone services, network connectivity and other related telecommunication products and services (Doc. 185 at 4). Plaintiff, Blitz Telecom Consulting, LLC is a marketing company which aggregates services from multiple telecommunications carriers and then markets and re-sells those services to its customers (Id.). The parties' business dealings with each other have resulted in the filing of this case and two others in this Court: Case No. 6:14-cv-307-Orl-40GJK (the "307 Case"), and Case No. 6:17-cv-236-Orl-40TBS (the

"236 Case"). The 307 Case went to trial, resulting in a jury verdict in favor of Blitz. This case was settled on the eve of trial and the 236 Case is not yet at issue.

Peerless has filed a motion to reopen this case and put it back on the trial calendar or in the alternative, to dismiss the case with prejudice (Doc. 338). As grounds, it alleges that there was no meeting of the minds as to the terms upon which the case was purportedly settled (Id.). In conjunction with this motion, Peerless has filed a motion to seal a term sheet and financial terms discussed during the settlement negotiations (Doc. 339). Peerless contends that this information is properly sealed because it is confidential and proprietary business information which includes business plans, pricing information, and technical capabilities which, if made public, could impact and injure Peerless' business operations and relationships with its customers (Id., at 3). Peerless argues that the information should also be sealed because the parties failed to consummate a settlement (Id.). Local Access and Blitz have not filed a response to the motion and the time within to do so has expired. This leads the Court to conclude that this motion to seal is unopposed.[1]

Local Access and Blitz have filed a counter-motion to enforce their alleged settlement agreement with Peerless (Doc. 340). They are asking the Court to seal parts of that motion on the ground that it contains the substance of settlement negotiations that were intended to be kept strictly confidential (Id., at 2). They also assert that the information to be sealed includes trade secrets and commercially or competitively

---

[1] When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

sensitive information which, if disclosed, would be detrimental to them (Id., at 13). Local Access and Blitz have submitted, and the Court has reviewed, unredacted copies of the information they are asking be sealed.

Peerless agrees that all confidential and proprietary financial and business information including monetary amounts to be paid in settlement by the parties, pricing information and customer names contained in the motion to enforce, should be sealed (Doc. 342 at 1). But, Peerless argues that other information, including the fact that there would be a settlement, mutual release, or other agreements between the parties is not confidential (Id., at 1-2). Peerless also maintains that exchanges between counsel, to the extent they discuss settlement only in global terms and do not reference confidential and proprietary financial and business information, should not be sealed (Id.).

Peerless has filed a motion alleging that Local Access and Blitz committed litigation misconduct in this case (Doc. 343). Based upon these allegations, Peerless seeks sanctions including the involuntary dismissal of this case with prejudice (Id.). Peerless is asking the Court to seal portions of this sanctions motion, including printed versions of an e-mail thread which contains customer names and other confidential business information including pricing (Doc. 344). Local Access and Peerless do not oppose this motion (Id., at 2).

A party seeking to file information under seal in this district must first comply with Local Rule 1.09. The rule requires the moving party to file a motion in which it identifies and describes each item proposed for sealing. Id. The motion must include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed

duration of the seal; and (5) a memorandum of legal authority supporting the seal. Id. The three motions to seal now pending before the Court satisfy these requirements.

The analysis of a motion to seal begins with the recognition that "'[t]he operations of the court and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). This right "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original)). Indeed, the Eleventh Circuit

has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

A party's interest in the privacy of its financial records and the terms of confidential agreements may outweigh the public's right of access. Graphic Packaging Int', Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct 28, 2010); Medai, Inc. v. Quantros, Inc., No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2-3 (M.D. Fla. June 29, 2012). So, for example, when a party seeks to enforce a confidential settlement agreement, some courts have permitted the filing of the agreement under seal to preserve confidentiality. See, e.g. Webimax, LLC v. Johnson, No. 3:11-cv-993-J-34JBT, 2013 WL 497843, n.2 (M.D. Fla. Jan. 11, 2013), *report and recommendation adopted*, 2013 WL 489134 (M.D. Fla. Feb. 8, 2013); Berman v. Kafka, No. 3:10-cv-718-J-32MCR, 2012 WL 12903790, n.2 (M.D. Fla. Feb. 6, 2012), *report and recommendation adopted*, 2012 WL 12903791 (M.D. Fla. Apr. 24, 2012), *aff'd,* 518 F. App'x 783 (11th Cir. 2013).

The issue of sealing is not new to this case; the Court has already entered fifteen Orders granting and denying motions to seal (Docs. 65, 95, 101, 103, 115, 120, 121, 128, 146, 148, 161, 167, 192, 204 and 289). In the early stages of the litigation, the Court granted the parties' agreed motion for the entry of a protective order regarding the production and handling of confidential and proprietary information (Doc. 67). The Order provides for the designation of trade secret, proprietary, and non-public personal information "confidential." (Id.). It includes a procedure for any party to challenge the designation of material as confidential (Id., at 7). And, the Order requires the filing of a motion to seal whenever confidential information will be filed with or otherwise disclose to the Court (Id., at 11). Local Access and Blitz have designated as "confidential" the

information they are asking the Court to file under seal and Peerless has not objected (Doc. 341).

After conducting the balancing test, the Court finds that the parties' interests in the privacy of the information sought to be filed under seal outweighs the public right of access. The likelihood of damage to the parties' relationships with their customers and unfair competition from their competitors if the information is made public is great. The information to be sealed is not related to "public officials or public concerns," and the Court finds that there is no "less onerous" alternative to sealing the information that will insure its contents remain confidential while allowing the Court to review the information to make decisions on the merits of the parties' other pending motions. Romero, 480 F.3d at 1246.

Although the Court is granting the motions to seal, it does agree with Peerless that not all information relating to the motion to reopen the case, the motion to enforce settlement, or the motion for sanctions is confidential. Clearly, it is not. All that this Order does is find that the specific documents sought to be sealed and the specific references to those documents in the parties' motions are appropriately sealed. It is the intent of the Court that this litigation be conducted in the open, with only that information that is appropriately sealed being withheld from the public. The Court will continue to make rulings, as needed, on this issue. Now,

(1) Peerless Network, Inc.'s Motion to Seal Motion to Reopen the Case and for Further Proceedings or in the Alternative Dismiss with Prejudice and Supporting Exhibits (Doc. 339), is **GRANTED**. Peerless shall file its unredacted motion to reopen this case including Exhibits A, B, C, F, G and H-1 **UNDER SEAL**.

(2) Plaintiffs' Unopposed Motion to Seal Pursuant to Court Order their Motion to Enforce Settlement and Some of the Exhibits Thereto (Doc. 341), is **GRANTED**. Plaintiffs

shall file their unredacted motion to enforce settlement agreement including Exhibits A, C, D, E, F, H, I, J, K, L, M, N, O and T **UNDER SEAL**.

(3) Peerless Network, Inc.'s Unopposed Motion to Seal Motion for Sanctions and Supporting Exhibits (Doc. 344), is **GRANTED**. Peerless shall file Exhibits A, C, D, E, H-1, H-2, H-3, H-4, B-1, B-2, B-3, B-4, B-5, I and J **UNDER SEAL**.

The Clerk shall maintain all of these papers **UNDER SEAL** until the earlier of: (1) an order unsealing them; (2) one year from the date of this Order; or (3) the conclusion of the case, including any appeals. Prior to the expiration of the seal, any party may file a motion to extend the seal.

**DONE** and **ORDERED** in Orlando, Florida on May 12, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record