# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                                      Case No: 6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on the following motions:

- Plaintiffs' Unopposed Motion to Seal Pursuant to Court Order their Response in Opposition to Plaintiff's [sic] Motion to Reopen Case for Further Proceedings or in the Alternative Dismiss with Prejudice to Enforce Settlement (Doc. 347);

- Peerless Network, Inc.'s Unopposed Motion to Seal Response in Opposition to Plaintiffs' Motion to Enforce Settlement (Doc. 350); and

- Peerless Network, Inc.'s Unopposed Supplemental Motion to Seal (Doc. 351).

Local Access and Peerless provide local telephone services, network connectivity and other related telecommunication products and services (Doc. 185 at 4). Blitz is a marketing company which aggregates services from multiple telecommunications carriers and then markets and re-sells those services to its customers (Id.). The parties' business dealings with each other have resulted in the filing of this case and two others in this Court: Case No. 6:14-cv-307-Orl-40GJK (the "307 Case"), and Case No. 6:17-cv-236-Orl-

40TBS (the "236 Case"). The 307 Case went to trial, resulting in a jury verdict in favor of Blitz. This case was purportedly settled on the eve of trial and the 236 Case is not yet at issue.

Peerless has filed a motion to reopen this case and put it back on the trial calendar or in the alternative, to dismiss the case with prejudice (Doc. 338). The Court granted Peerless' motion to seal information contained in the motion because: (1) it is confidential and proprietary business information which includes business plans, pricing information, and technical capabilities which, if made public, could impact and injure Peerless' business operations and relationships with its customers; and (2) Peerless contends that the parties failed to consummate a settlement (Docs. 339, 345).

Local Access and Blitz have filed a motion to enforce their alleged settlement agreement with Peerless (Doc. 340). The Court granted a motion to seal information contained in the motion to enforce on the grounds that: (1) it contains the substance of settlement negotiations that were intended to be kept strictly confidential; and (2) the information includes trade secrets and commercially or competitively sensitive information which, if disclosed, would be detrimental to Local Access and Blitz (Docs. 341, 345).

Peerless has filed a motion alleging that Local Access and Blitz committed litigation misconduct in this case (Doc. 343). Based upon these allegations, Peerless seeks sanctions including the involuntary dismissal of this case with prejudice (Id.). The Court granted Peerless' motion to seal portions of this sanctions motion, including printed versions of an e-mail thread which contains customer names and other confidential business information including pricing (Docs. 344, 345).

The motions that are the subject of this Order seek leave to file under seal, information submitted by the parties in response to the motions to reopen, enforce, and

for sanctions; and information Peerless neglected to include in its motions to seal filed in connection with its motions to reopen and for sanctions. The parties represent that the information they are now asking the Court to seal contain the substance of settlement negotiations that were, at all times, intended to be kept confidential; and trade secrets, business plans, and other proprietary information, the disclosure of which would give competitors an unfair and improper advantage.

A party seeking to file information under seal in this district must first comply with Local Rule 1.09. The rule requires the moving party to file a motion in which it identifies and describes each item proposed for sealing. Id. The motion must include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. Id. The three motions to seal now pending before the Court satisfy these requirements.

The analysis of a motion to seal begins with the recognition that "'[t]he operations of the court and the judicial conduct of judges are matters of utmost public concern,' and the integrity of the judiciary is maintained by the public's right of access to court proceedings." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)). This right "includes the right to inspect and copy public records and documents." Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago

Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id.

Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). See also Kamakana v. City and County of Honlulu, 447 F.3d 1172, 1181 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original)). Indeed, the Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

A party's interest in the privacy of its financial records and the terms of confidential agreements may outweigh the public's right of access. Graphic Packaging Int', Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct 28, 2010); Medai, Inc. v. Quantros, Inc., No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2-3 (M.D. Fla. June 29, 2012). So, for example, when a party seeks to enforce a confidential settlement agreement, some courts have permitted the filing of the agreement under seal to preserve confidentiality. See, e.g. Webimax, LLC v. Johnson, No. 3:11-cv-993-J-34JBT, 2013 WL 497843, n.2 (M.D. Fla. Jan. 11, 2013), *report and recommendation adopted*, 2013 WL 489134 (M.D. Fla. Feb. 8, 2013); Berman v. Kafka, No. 3:10-cv-718-J-32MCR,

2012 WL 12903790, n.2 (M.D. Fla. Feb. 6, 2012), *report and recommendation adopted*, 2012 WL 12903791 (M.D. Fla. Apr. 24, 2012), *aff'd,* 518 F. App'x 783 (11th Cir. 2013).

After conducting the balancing test, the Court finds that the parties' interests in the privacy of the information sought to be filed under seal outweighs the public right of access. Much of the information concerns settlement negotiations that were intended to be confidential. The likelihood of damage to the parties' relationships with their customers and unfair competition from their competitors if the information is made public is great. The information to be sealed is not related to "public officials or public concerns," and the Court finds that there is no "less onerous" alternative to sealing the information that will insure its contents remain confidential while allowing the Court to review the information to make decisions on the merits of the parties' other pending motions. Romero, 480 F.3d at 1246. Accordingly:

(1) Plaintiffs' Unopposed Motion to Seal Pursuant to Court Order their Response in Opposition to Plaintiff's [sic] Motion to Reopen Case for Further Proceedings or in the Alternative Dismiss with Prejudice to Enforce Settlement (Doc. 347) is **GRANTED**. Plaintiffs shall file their unredacted Response in Opposition to Motion to Reopen Case for Further Proceedings or in the Alternative Dismiss with Prejudice **UNDER SEAL**.

(2) Peerless Network, Inc.'s Unopposed Motion to Seal Response in Opposition to Plaintiffs' Motion to Enforce Settlement (Doc. 350), is **GRANTED**. Peerless shall file its unredacted Response to Plaintiffs' Motion to Enforce Settlement including Exhibits A, A-1, B, C, C-1, D, D-1, E, E-1, E-2 and E-3 **UNDER SEAL**.

(3) Peerless Network, Inc.'s Unopposed Supplemental Motion to Seal (Doc. 351), is **GRANTED**. Peerless shall file Exhibits F-1 and G-1 to Peerless' motion to reopen (Doc. 338), and Demonstrative Exhibits 1 and 2 to Peerless' motion for sanctions (Doc. 343)

**UNDER SEAL**.

The Clerk shall maintain all of these papers **UNDER SEAL** until the earlier of: (1) an order unsealing them; (2) one year from the date of this Order; or (3) the conclusion of the case, including any appeals. Prior to the expiration of the seal, any party may file a motion to extend the seal.

**DONE** and **ORDERED** in Orlando, Florida on May 17, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record