UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                          Case No: 6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant/Counter-Plaintiff,

v.

LOCAL ACCESS, LLC,

    Counter-Defendant.

## **REDACTED ORDER**

This cause comes before the Court on the following:

1. Peerless Network, Inc.'s Motion to Re-Open the Case for Further Proceedings or in the Alternative Dismiss With Prejudice (Doc. 338; Sealed Doc. 355), filed April 28, 2017;

2. Plaintiffs' Response in Opposition to Defendant's Motion to Re-Open Case for Further Proceedings or in the Alternative Dismiss With Prejudice (Doc. 346; Sealed Doc. 353), filed May 12, 2017;

3. Plaintiffs' Verified Motion to Enforce Settlement (Doc. 340; Sealed Doc. 348), filed May 1, 2017; and

4. Peerless Network, Inc.'s Response in Opposition to Plaintiffs' Motion to Enforce Settlement (Doc. 349; Sealed Doc. 354), filed May 15, 2017.

1

Upon consideration, the Court will grant Defendant's motion to re-open the case, deny Defendant's motion to dismiss with prejudice, and grant Plaintiffs' motion to enforce the parties' settlement agreement.

**I.     BACKGROUND**

Plaintiffs, Local Access LLC and Blitz Telecom Consulting, LLC, initiated this lawsuit against Defendant, Peerless Network, Inc., on March 12, 2014. The gist of the parties' dispute revolved around the performance of a telecommunications contract and Defendant's allegedly tortious and fraudulent conduct relative thereto. On the eve of trial, and after three years of zealous litigation, the parties executed and filed a joint Notice of Settlement, advising the Court that "the parties have settled all issues between them." (Doc. 334). As a result, the Court cancelled the pending jury trial and administratively closed the case.

Defendant now moves to re-open the case for further proceedings. Defendant claims that, contrary to its counsel's affirmation in the joint Notice of Settlement, the parties did not actually reach an agreement and that this case needs to proceed to trial. Alternatively, Defendant says this action should be dismissed with prejudice if the Court decides not to re-open the case. Plaintiffs agree that further proceedings are necessary, but for a different reason: to enforce the terms of their settlement agreement with Defendant.

**II.    DISCUSSION**

As a preliminary matter, the parties do not disagree that further proceedings are needed, although their reasons differ. The Court will therefore grant Defendant's motion

2

to re-open the case to determine what those proceedings should entail. Consequently, Defendant's alternative motion to dismiss will be denied as moot.

Next, Plaintiffs move to enforce the terms of the settlement agreement they purportedly reached with Defendant. It is well-settled that a district court has the inherent power to enforce an agreement to settle a case pending before it. *Ford v. Citizens & S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991); *see also Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995) (collecting cases observing this principle). Notwithstanding, "a district court may only enforce *completed* settlement agreements." *Wilson*, 46 F.3d at 664. State contract law determines whether a settlement agreement has been completed. *See id.* at 666.

Under Illinois law,[1] settlements are encouraged and are given full force and effect "where they are based on sufficient consideration and the parties have met on equal terms." *McAllister v. Hayes*, 519 N.E.2d 71, 72 (Ill. App. Ct. 1988). It is not necessary for a settlement agreement to be reduced to writing or formally executed; all that is required is for the parties to reach a "meeting of the minds" as to the essential terms of settlement. *See K4 Enters., Inc. v. Grater, Inc.*, 914 N.E.2d 617, 624 (Ill. App. Ct. 2009). "A meeting of the minds exists whenever the parties' conduct objectively indicates an agreement to the terms of the settlement, even if one or more parties did not subjectively intend to be bound." *Cty. Line Nurseries & Landscaping, Inc. ex rel. Bankr. Tr. v. Glencoe Park Dist.*, 46 N.E.3d 925, 932 (Ill. App. Ct. 2015).

---

[1] The parties agree that Illinois contract law answers the question of whether a settlement agreement was reached in this case.

In addition to exhibiting a meeting of the minds, the terms of a settlement agreement must be sufficiently definite and certain in order for the agreement to be enforceable. *Quinlan v. Stouffe*, 823 N.E.2d 597, 603 (Ill. App. Ct. 2005). "[A] contract is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions thereof, under proper rules of construction and applicable principles of equity, to ascertain what the parties have agreed to do." *Id.* (quoting *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 515 N.E.2d 61, 65 (Ill. 1987)) (internal quotation marks omitted).

The Court finds that the parties in this case reached an enforceable settlement agreement. After a vigorous back-and-forth exchange,[2] counsel for Defendant sent the following email to counsel for Plaintiffs:

> Lee and David,
>
> See our changes IN ALL CAPS below:



---

[2] The parties have filed the purported settlement agreement and all relevant communications relative thereto under seal, and the Court has reviewed the same.



I believe that covers all of the terms. Please confirm or correct this summary and we will begin drafting a more comprehensive agreement. I'm attaching a proposed notice of settlement. Please advise if it's ok with you to file it.

Counsel for Plaintiffs replied:

Hank,

All of your comments are acceptable and will be included in our first run at the settlement agreement, with the exception of this:



Agreed?

Counsel for Defendant then replied, "Agreed." The Court finds this final statement by Defendant's counsel to constitute the requisite meeting of the minds. Further, the Court finds the above terms to be sufficiently definite and clear, and the Court is easily able to ascertain what the parties intended to do.[3]

Defendant's complaints that it did not know exactly what it was agreeing to or that it does not know what certain words might mean are, of course, of no consequence. Defendant's objective conduct—by stating, "Agreed."—unequivocally indicates that it intended to be bound by the nine paragraphs quoted above as amended by the final email. Accordingly, these are the terms the Court will enforce.

## III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Peerless Network, Inc.'s Motion to Re-Open the Case for Further Proceedings (Doc. 338; Sealed Doc. 355) is **GRANTED**. The Clerk of Court is **DIRECTED** to re-open the file.

2. Peerless Network, Inc.'s Alternative Motion to Dismiss With Prejudice (Doc. 338; Sealed Doc. 355) is **DENIED AS MOOT**.

3. Plaintiffs' Verified Motion to Enforce Settlement (Doc. 340; Sealed Doc. 348) is **GRANTED**. The parties are **ORDERED** to adhere to the terms of their settlement as memorialized by the nine paragraphs quoted above and as amended by Plaintiff's counsel's final email, to which Defendant's counsel responded, "Agreed."

---

[3] The Court notes that Defendant does not contend that the settlement is not supported by sufficient consideration or that its counsel was not authorized to act on its behalf to settle this case.

4. This action is **DISMISSED WITH PREJUDICE** as agreed by the parties. The Court retains jurisdiction over this matter to enforce the parties' settlement agreement. The Court additionally retains jurisdiction to resolve Defendant's Motion for Sanctions for Litigation Misconduct (Doc. 343; Sealed Doc. 356).

5. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on August 10, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record