UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                                   Case No:  6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.
_____

## ORDER

This case comes before the Court without oral argument on Plaintiffs' Unopposed Motion to Seal Plaintiffs' Verified Motion to Hold Defendant in Contempt of Sealed Order Enforcing Settlement Agreement (Doc. 368), and Peerless Network, Inc.'s Motion for Leave to File under Seal (Doc. 373).

### I. Background

In March of this year, the parties informed the Court that this case had been settled. Relying upon this advice, the Court administratively closed the case "subject to the right of any party to file, within 60 days, a stipulated final order or judgment or, on good cause shown, to move the Court to re-open the case for further proceedings." (Doc. 335).

Defendant subsequently motioned the Court to reopen the case or in the alternative, dismiss it with prejudice (Doc. 338). As grounds, Defendant alleged that the parties did not have a settlement because they disagreed about the terms (Id.). Plaintiffs responded with a motion to enforce the settlement agreement (Doc. 340). Then,

Defendant filed a motion for sanctions in which it accused Plaintiffs of fabricating evidence for use at trial (Doc. 343).

The Court sealed some of the information contained in the parties' motions because it constitutes settlement negotiations that were intended to be confidential; and some of the information consists of confidential and proprietary business plans, pricing information and technical capabilities which, if made public, could injure Defendant's business operations and relationships with its customers (Doc. 345). For the same reasons, the Court also granted the parties' motions to seal certain information contained in their responses to the foregoing motions (Docs. 352, 360).

On August 10, 2017, the Court entered a sealed Order granting Defendant's motion to reopen the case; denying Defendant's motion to dismiss with prejudice; and granting Plaintiffs' motion to enforce the settlement (Doc. 364). In the same Order, the Court dismissed this case with prejudice, while retaining jurisdiction to enforce the parties' settlement agreement (Id.). Defendant has appealed the Order granting Plaintiffs' motion to enforce the settlement (Doc. 365).

Now pending are Plaintiffs' Verified Motion to Hold Defendant in Contempt of Sealed Order Enforcing Settlement Agreement (Doc. 367), and Defendant's Corrected Motion to Clarify and Stay Enforcement of the Court's August 10, 2017 Order Pending Appeal (Doc. 372). The parties seek leave of Court to file some of the contents of these motions under seal (Docs. 368, 373). Both motions are unopposed.

## II. Legal Standard

"The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). While the parties to a lawsuit "have protectable privacy

interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992); Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC, No. 3:15-cv-743-J-32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). "A substantive pretrial motion is '[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular

document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

### III. Discussion

The information the parties are asking the Court to seal includes the terms upon which the Court found they settled this dispute, and information that is commercially and

competitively sensitive. The parties have consistently evidenced their intent to keep all of this information confidential and in prior Orders, the Court has sealed the same and similar information. The Court understands that the information is not currently publicly available, and there does not appear to be any other method, short of sealing, that will preserve the confidentiality of the information. For these reasons, the Court finds that the parties' interests in the privacy of the information sought to be filed under seal outweighs the public's right of access. Now, the motions to seal are **GRANTED**. The parties shall file their motions in redacted form on the docket and the unredacted versions will be accepted by the Clerk for filing **UNDER SEAL**.

Plaintiffs propose that the information they are filing be held under seal for a period of 6 years (Doc. 368 at 2). Defendant asks that the information it is submitting be sealed for a term of 1 year (Doc. 373 at 1). The Court's local rules generally provide for sealing for up to one year which is renewable on motion made before the expiration of the seal. M.D. Fla. 1.09(c). Based upon confidential information in the Order enforcing the parties' settlement agreement, the Court finds that the information to be sealed pursuant to this Order shall remain sealed through **April 1, 2022**.

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record