UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC and BLITZ
TELECOM CONSULTING, LLC,

    Plaintiffs,

v.                                                  Case No: 6:14-cv-399-Orl-40TBS

PEERLESS NETWORK, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court in this closed case and on referral from the Eleventh Circuit Court of Appeals is Appellees' Local Access, LLC ("Local Access") and Blitz Telecom Consulting, LLC's ("Blitz") Motion for Appellate Attorneys' Fees (Doc. 418), and Appellees' Amended and Corrected Motion (Doc. 421). Appellant Peerless Network, Inc. ("Peerless") has filed a response in opposition (Doc. 419) and the Appellees have filed a reply (Doc. 420). Upon consideration, I respectfully recommend that the motion, as amended, be **denied**.

### Background[1]

This case arises out of a dispute between Local Access, Blitz, and Peerless over the planned sale of certain Blitz assets to one of Peerless's competitors, West Corporation, and Peerless's alleged failure to meet contractual obligations to Local Access. See Final Pretrial Statement (Doc. 185, pp. 2-11). As summarized by the district judge: "The gist of the parties' dispute revolved around the performance of a

---

[1] This case presents with a particularly complex background, and numerous filings are under seal. For present purposes, a summary of relevant public information is presented.

telecommunications contract and Defendant's allegedly tortious and fraudulent conduct relative thereto." (Doc. 363 at 2). The amended complaint (Doc. 4) contained four claims for relief. First, Local Access alleged that Peerless breached the written 2012 telecommunications contract ("Contract") between those parties. On March 10, 2107, the district judge granted summary judgment in Peerless's favor on this count (Doc. 316). Second, Blitz alleged that Peerless tortiously interfered with Blitz business relationship with West. Third, Blitz alleged that Peerless fraudulently induced Blitz to refrain from selling its assets to West. Fourth, Local Access alleged that Peerless fraudulently induced it to enter into the Contract.

Peerless counterclaimed against Local Access (Docs. 34, 39), and trial was scheduled to begin on April 3, 2017. On March 29, 2017, Peerless moved to dismiss its counterclaims with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 327). The motion was granted, and the counterclaims were dismissed (Doc. 331).

On the eve of trial, the parties executed and filed a joint Notice of Settlement, advising the Court that

> "the parties have settled all issues between them and request that this Honorable Court remove the same from the April 3, 2017 trial docket. The parties will complete the terms of the settlement and prepare and file such final documents as are necessary to fully conclude this action, including a joint motion for final dismissal with prejudice within 30 days."

(Doc. 334). In response, the Court cancelled the pending trial and administratively closed the case (Doc. 335). Peerless filed a timely motion to reopen the case for further proceedings or, in the alternative, to dismiss it with prejudice (Doc. 338, Doc. 355 - sealed). Blitz and Local Access responded in opposition (Doc. 346, Doc. 353 - sealed).

They also filed a motion to enforce settlement (Doc. 340, Doc. 348 - sealed), which Peerless opposed (Doc. 349, Doc. 354 - sealed).

On August 10, 2017, the district judge granted Peerless's motion to re-open the case; denied its alternative motion to dismiss; and granted Blitz and Local Access's motion to enforce the parties' settlement agreement (Doc. 363, Doc. 364 - sealed). The Court ordered the parties "to adhere to the terms of their settlement as memorialized by the nine paragraphs quoted above and as amended by Plaintiff's counsel's final email, to which Defendant's counsel responded, "Agreed."" (Doc. 363 at 6).[2] Then, the Court dismissed the action with prejudice "as agreed by the parties" (Id. at 7).

Peerless appealed "the District Court's final and appealable Order, which granted Local Access and Blitz's Motion to Enforce Settlement and dismissed this case with prejudice." (Doc. 365). On appeal, Peerless contended that the District Court clearly erred in finding that the parties had mutually agreed on the terms of a settlement, and in finding that the terms of the settlement, as stated in the final nine bullet points in the emails, were sufficiently definite and certain to constitute an enforceable agreement (Doc. 415 at 3). In an unpublished opinion, the Eleventh Circuit affirmed the District Court's August 10, 2017 Order (Doc. 415). The fee motion followed issuance of the mandate (Doc. 416), and the Eleventh Circuit transferred the motion "to the District Court for its consideration of the issues of both entitlement and the fee amount, if any." (Doc. 417). The matter has been referred to me for the making of a report and recommendation.

---

[2] The text of the settlement agreement is under seal, but recitation is not necessary to resolve the instant motion.

## Discussion

In the motion, as amended,[3] Local Access and Blitz[4] seek an award of attorney's fees incurred by Local Access in the defense of the appeal. As grounds, they argue:

> 1. The June 2012 Contract between Local Access and Peerless "was the subject of the underlying action;"
>
> 2. That Contract includes a provision that: "[f]or litigation matters, the prevailing Party shall be reimbursed for its reasonable attorneys fees and costs incurred in the enforcement of this Agreement, including all costs of arbitration proceedings;"
>
> 3. The issue on appeal was "whether the terms of the March 31, 2017 settlement agreement were valid and enforceable" and the "parties' settlement negotiations contemplated changes to the" Contract; thus
>
> 4. All of the proceedings relative to enforcement of the settlement, including this appeal, were proceedings for the enforcement of the Contract, as amended, and therefore, the appeal is an "enforcement" proceeding that would entitle the prevailing party to an award of reasonable attorney's fees under the express terms of the Contract.

(Doc. 418). Local Access seeks an award of $57,667.50 in attorney's fees expended on the appeal.

Peerless counters that, while its Contract with Local Access was the subject of the underlying action, it was not the subject of the appeal. Rather, Peerless "appealed an Order that held that the parties' nine bullet point email exchange on March 31, 2017 was a settlement agreement" and there is no attorney's fee shifting language in that

---

[3] Local Access and Blitz explain that amendment was necessary to attach required forms to accompany the application for attorney's fees; to replace the Declaration of Ernest J. Myers with an Affidavit, as required; and to correct scrivener's/mathematical errors in the original application. (Doc. 421, n. 1).

[4] Although the motion, as amended, is brought by both Local Access and Blitz and explicitly requests "that this Court award them their reasonable attorney's fees expended on appeal" (Doc. 421 at 12, emphasis added), in their reply brief they "concede that there should not be an award of appellate attorney's fees to Blitz, as there are no grounds for such an award in statute or contract." (Doc. 420 at 3).

agreement (Doc. 419 at 15-16). Absent any contractual right to fees, and as Local Access does not argue a statutory right, Peerless claims the "American Rule" applies and precludes any entitlement to fee shifting here. See Fox v. Vice, 563 U.S. 826, 832, 131 S. Ct. 2205, 180 L.Ed.2d 45 (2011) ("Our legal system generally requires each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses. Indeed, this principal is so firmly entrenched that it is known as the 'American Rule'").

Both sides agree that the American Rule forecloses recovery here unless there is a contractual right to fees. They also agree that the Contract provision at issue provides: "[f]or litigation matters, the prevailing Party shall be reimbursed for its reasonable attorneys fees and costs incurred in the enforcement of this Agreement, including all costs of arbitration proceedings." As the foregoing history shows, the appeal cannot be characterized as a proceeding to enforce the Contract, and Local Access did not "prevail" in "the enforcement of **this** Agreement."

To the extent the proceedings in the District Court can be characterized as enforcement proceedings with respect to Contract (because Local Access alleged in its pleadings that Peerless breached the Contract), the District Court granted summary judgment **in Peerless's favor** (Doc. 316). The parties subsequently entered into a settlement agreement – a separate document entered into years after execution of the Contract – and the District Court dismissed the action, including all remaining claims pled by Local Access, with prejudice. Thus, Local Access did not prevail in enforcing the Contract. While Peerless appealed this dismissal and Local Access successfully defended the appeal, the issue on appeal, as stated by the Eleventh Circuit, was whether the District Court erred in finding that the parties had mutually agreed on the terms of a

settlement agreement, and in finding that the terms of the agreement, as stated in the final nine bullet points in the emails, were sufficiently definite and certain to constitute an enforceable settlement (Doc. 415 at 3). In short, Local Access prevailed on confirming the existence of a legally enforceable *settlement agreement,* not in enforcing its rights under the 2012 Contract.

Simply because some of the terms of the settlement agreement have the effect of "amending" terms in the Contract does not mean the fee provision should carry over to provide a right to recovery here. The settlement agreement includes other terms that could not be construed as amending the Contract. The settlement agreement does not incorporate the fee provision (or other terms) of the Contract and, considering the ease with which the parties could have included this language, Local Access offers no reason why such an incorporation should be inferred. Put simply, the record supports no other conclusion but that the parties, through counsel, entered into an agreement to settle the litigation on certain stated terms and the District Court accepted those terms, including dismissal with prejudice of the action. The Eleventh Circuit upheld that dismissal. As the settlement is the agreement that was at issue on appeal and as it provides no basis for asserting a claim for attorney's fees and no other grounds are shown, Local Access has not established entitlement to an award.[5]

## Recommendation

For the foregoing reasons, I respectfully recommend that the motion and amended motion for appellate fees be **denied.**

---

[5] For this reason, I need not address the issue of the reasonableness of the fees sought.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 17, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record